## BOONE COUNTY V. RUHL.

1. SUPPORT OF THE POOR: CODE CONSTRUED. Under chapter 48, Code 1851, the township trustees may proceed by the method prescribed by sections 788, 799, to compel a child to maintain and support a parent; or the county may give the necessary relief without resorting to this process and recover of the defendant, by action in the District Court, as for money paid to his use.

*Appeal from Boone District Court.*

THURSDAY, OCTOBER 13.

The county claims of the defendant a sum of money expended for the support of his mother, a pauper, from 1856 to 1859. The petition charges that she duly applied to the trustees of the proper township for aid; that they "requested defendant, who was amply able so to do, to maintain and relieve her, and demanded of him that he should take her to his house, and there provide properly for her, but the defendant neglected and refused so to do, &c." A demurrer to the petition was interposed: *First*, Because it does not show that the mother applied to the trustees for relief and that they notified defendant to support her; *Second*, The petition does not aver the proceedings required to be had in the county court by chapter 48 of the Code, in order to charge defendant. This demurrer was sustained and the plaintiff appeals.

*John A. Kasson*, for the appellant.

No appearance for the appellee.

WRIGHT, C. J.—The first ground of demurrer evidently misconcieves the the language of the petition; for it is expressly averred therein in the very words of the statute, (sec. 789,) that she applied for relief to the trustees of the township in which she resided, and that they requested and demanded of defendant to maintain and support her, which he neglected and refused.

Boone County v. Ruhl.

The second point is to be determined by giving a construction to some sections of chapter 48 of the Code. By section 787, it is made the duty of the child, if of ability, to relieve and maintain his poor mother, who is blind, old, lame, or otherwise impotent so as to be unable to maintain herself. If he. fails to do so, then by section 789, the trustees, when the poor person asks relief, may apply to the County Court, for an order to compel the son to discharge his duty in this re- spect. Then follow directions as to the manner of proceed- ing in such cases, and section 798 gives the right to appeal from the order made in the premises. Where there is no poor house the trustees of the several townships have the oversight and care of all poor persons therein, as long as they remain a county charge; applications for relief must be made to them by the poor; claims and bills for their support are to be certified to be be correct by them, presented to the county judge, who, if satisfied with the same, orders the amount paid out of the county treasury. The county judge may also in some cases grant relief where it is refused by the trustees (sec. 819 to 828); and then by section 806 it is declared that the county, having expended money for the relief of a poor person, under the provisions of the chapter, may recover the same from any of the kindred mentioned in section 787, (the son being one,) by an action brought in any court having jurisdiction.

The question now is, whether in order to make defendant liable, it was necessary for the trustees to proceed as required by section 769 *et seq.* to compel him to give the necessary relief. We clearly think not.

If he failed to do what is required of him, (being liable to do so under sec. 787), the trustees, after notifying and re- questing him to give the relief could pursue either of the methods pointed out in the statute. The trustees by the process prescribed under sections 789 to 799, might have had an order made in the first instance, compelling him to give the relief in money or otherwise, from time to time as it was needed, or the county could give the relief, without resorting

to this process, and recover of defendant, as for money paid for his use.

Chapter 48 is divided into four parts or articles. The *first* provides for the support of poor persons by their kindred; *second*, legal settlements; *third*, relief when there is a poor house. The first article, (of which sec. 806 is a part,) contains no provision requiring the county to expend a farthing for the relief of the poor. By this article the duty is left where the laws of nature, christianity, and civilization leave it—with the kindred, if of sufficient ability. If they fail, then any money expended under the provisions of the *chapter*, (not *article*,) may be recovered back by the county.

Judgment reversed.