## Dawson v. Dawson.

1. SUPPORT OF PAUPER. A nephew is not made liable under ₴ 787, Code of 1851, for the support of a pauper uncle.

2. SAME: PARENT AND CHILD. The support of offspring until they attain the age of maturity is a duty imposed upon the parent by the common law: the duty of the child to support infirm, destitute or aged parents is established only by statute.

3. SAME: CONSIDERATION. An express promise by a son to pay for past expenditures by a third person for the support of a parent is not binding; a moral obligation is not a sufficient consideration to sustain a promise when a good or valuable consideration has not once existed.

4. SAME: AVERMENTS. In an action by a third person against a son for expenditures made, in support of his indigent father, the petition held defective, because it lleged neither an order by the proper authorities respecting the support of such pauper, nor a promise on the part of the defendant to pay such expenditure.

5. CASE EXPLAINED. *The County of Boone* v. *Ruhl*, 9 Iowa 276, cited, explained and held inapplicable.

*Appeal from Fremont District Court.*

SATURDAY, DECEMBER 21.

A STATEMENT of the facts is embodied in the opinion of the court.

*Percival* for the appellant.

*Lingenfelter* for the appellee.

BALDWIN, J.—The plaintiff brought his action before a justice of the peace, by which he sought to recover of the defendant a compensation for the support of Joseph Dawson the father of defendant, and the uncle of plaintiff. The averment in the petition is, that the said Joseph Dawson was a pauper, in absolute want of the common necessaries of life ; that the defendant wholly failed and neglected to provide for the sustenance and support of his father, the said Joseph ; that the petitioner in consequence of such failure and neglect was compelled to provide for the victualing, clothing and care of the said Joseph, for a period of time in the petition stated ; which said victualing and clothing &c., cost the said plaintiff the sum of one hundred dollars, by reason of which premises it is claimed the defendant became liable for said sum to the petitioner, and for which he sues. The defendant demurred to the plaintiff's petition : 1. For the reason that the plaintiff was not so related to the said pauper as that he could be compelled by law to support him. 2. That the petition does not show that the plaintiff was compelled by the county court to support said pauper in compliance with the provisions of the Code. 3. The said petition does not state facts sufficient to constitute a cause of action.

The demurrer having been overruled, judgment was

rendered thereon, and this ruling having been sustained by the District Court the defendant appeals. The plaintiff was not of that class of persons who, on account of their relationship, are by the provisions of § 787 of the Code made liable for the support of a pauper relative. Nor had there been any action by the proper authorities to compel the defendant to furnish any support for his indigent father; nor is it alleged in the petition that there was a promise upon the part of defendant to pay the plaintiff for the support given to the father of defendant. The defendant was not liable to plaintiff under the statute; was he liable at common law? In the case of *Edmonds and wife* v. *Davis,* 16 Johns. 281, the court say, " on the argument these questions were discussed; whether independent of statutory provisions, at common law, a child, having sufficient property was liable merely from the relation to support her parents, and whether a suit could be maintained, by any person furnishing a necessary support to the parent, against such child." The duty of the parent to maintain his offspring until they attain the age of maturity is a perfect common law duty. The liability of a child to support its parents who are infirm, destitute, or aged, is wholly created by statute, and it has been truly said that the statute imposes upon such relatives duties unknown to the common law. Reeves Dom. Rel. 283 Bla. Com. 448. In *Rex* v. *Munden,* (1 Str. 190,) PRATT Ch. J., said, with the concurrence of the court, "by the law of nature, a man was bound to take care of his father and mother, but there being no temporal obligation to enforce that law of nature, it was found necessary to establish it by act of parliament." The court, after referring to the statute of New York upon this subject, which is similar in effect to the provisions of our law, say, " The duty of a child of sufficient ability to maintain its poor and destitute parents being an imperfect one, not enforced at common law, and the statute having provided the manner in which it is to be enforced

and the extent of the penalty, the statute remedy is the only one to be resorted to. This principle was recognized in the case of *Aleny* v. *Harris*, 5 John. Rep. 175. Then the consequence necessarily follows, that no one who has afforded relief to indigent persons from motives of humanity or from any other consideration, can mantain a suit as upon an implied contract, against the children of such parents, arising merely from the duty which such child owes to support its parents."

The liability of a son in respect to the support of a parent is prospective. Therefore, an express promise to pay for past expenditures made by a third person for a parent is not binding on the child, for a moral obligation is not a sufficient consideration for the promise, when a good or valuable consideration has not once existed. See *Coon* v. *Bradley*, 7 Conn. Rep. 57.

Assumpsit lies on a promise to discharge a legal obligation created by statute. But in the declaration all the facts must be averred which are necessary to constitute this legal obligation. 5. Mass. Rep. 326. "A moral obligation is not alone sufficient legal consideration to support either an express or implied promise." See Story on Contracts § 465. Upon authority, we regard it as well settled that a son, independent of the provisions of the statute, is not liable for the support of an indigent parent. The petition in this case fails to aver any order of the proper authorities respecting the support of the pauper Joseph Dawson, and it also fails to aver a promise upon the part of defendant to ·pay for such support. Without such averments, the petition to our minds, is clearly defective. This case is not analagous to that of *The County of Boone* v. *Ruhl*, 9 Iowa 276. There is an express provision of the statute authorizing a suit by counties against the kindred of the poor for money expended for such purpose. See Code § 806. It was under

this section that this court held that the county could maintain such an action. The demurrer should have been sustained.

Judgment Reversed.