CLOSSON H. STONE AND ANOTHER *vs.* IRA O. STONE AND OTHERS.

At common law a child is not bound to support his parents.

The statute (Rev. Stat., tit. 42, § 31,)which provides a mode of compelling the relatives of a pauper to contribute to his support, relates solely to a provision for future and not a compensation for past support.

Where one of several children furnishes support to a parent at the request of the others, they will be liable upon their implied promise to pay for it.

Stone *v.* Stone.

Where a bill in equity alleged that such support was furnished by the petitioners, at the request of the respondents, who were the other children, and that they were bound and able to contribute equally, and prayed for a decree requiring them so to contribute, it was held that there was adequate remedy at law, whether the request was the joint request of all or the several request of each, and a bill in equity could not be sustained.

BILL in equity, reserved by the superior court for the advice of this court, on facts found. The case is sufficiently stated in the opinion.

*Andrews,* for the petitioners.

*Chittenden* and *Graves,* for the respondents.

HINMAN, C. J.  The petitioners are children of Mary Stone deceased, and the respondents are her other surviving children, together with David N. Lyman, the husband of one of them. The material allegations are, that in 1850 said Mary was poor, that the respondents were of sufficient ability and liable to contribute to her support, and to prevent an application to the court for an order on said children to contribute to the support of their mother, the petitioners, at the request of the respondents, undertook to support her, and did so support her until her decease in 1862, and for the monies expended, and the time and trouble incident to said support, they ought to be remunerated by a contribution of two hundred dollars from said Lyman and wife and an equal sum from each of the other respondents, and that ther espondents ought also to be compelled to contribute a reasonable sum each for her funeral expenses paid by the petitioners ; and praying for an order and decree to enforce such contribution.

If the petitioners have any legal or just claim on the respondents for a contribution it appears to us that it must rest entirely upon the implied promise arising from the respondents' request that the petitioners should furnish the supplies for which they now claim compensation. It has long been settled that at common law a child is under no liability to support his parents.  He may by statute, if of sufficient ability,

be compelled to do so, on a proper application to the court. But this can only be done in respect to future expenses, even where the child is of ability to pay for them, as it has been held that the provisions of the statute are exclusively prospective. *Wethersfield* v. *Montague*, 3 Conn., 507. And this doctrine was again expressly sanctioned in the case of *Cook* v. *Bradley*, 7 Conn., 57, in which it was also held that even an express promise to pay for past expenditures could not be supported on the ground of any legal or even moral obligation to pay for them, but was a void promise unless supported by some other valid consideration. It follows then, as has been suggested, that if the respondents are liable at all it must be on the ground that the supplies were furnished at their request. Such a request is alleged in the bill, and there can be no doubt that a promise to pay for support furnished at another's request will be implied by law. But in ordinary cases certainly such a promise would support an action at law and therefore there could be no necessity for the interference of a court of equity to enforce it. And the fact that there is adequate remedy at law is a sufficient answer to a bill in equity for the same object. Unless then the case can be distinguished from the ordinary case of supplies furnished at another's request, there is no case stated that requires the interposition of a court of equity, and the petitioners' bill should be dismissed. It is claimed however, that although the law would imply a promise from the request stated in the bill, yet it would be a promise different from the one ordinarily raised in such cases, in this, that it would be a promise to pay just so much, and no more, as the court on a proper application for that purpose would have ordered each of the respondents to pay; and as this amount would have varied in the case of each of the several respondents, according to the ability of each, a court of law not being competent to apportion the respective amounts which each should contribute, it is therefore necessary to resort to a court of equity for the purpose.

If the petitioners were right in supposing any such apportionment necessary, the conclusion to which they come on this supposition would seem to follow. But is this supposition

correct ?   There is no intimation in the bill that there is any inequality in the ability of the several respondents who are claimed to be liable at all.   They are all treated as of equal ability, and as equally liable on their request.   Indeed the request is stated in the bill as if made to the petitioners jointly, and it is consistent with all the allegations in the bill that it was also made by the respondents jointly.   If such was the fact a single suit at law would dispose of the whole matter ; and if there was any understanding that they were to contribute in unequal shares it would be for the respondents to settle that among themselves.   But no such understanding any where appears.   The respondents from whom contribution is claimed are all stated to be of equal ability.   And they either all joined in making the request to the petitioners, in which case they would be jointly liable, or they made the request with the understanding that each should be severally liable for his proportion of the expenditures, in which case each would be liable at law for his equal proportion in a separate action.   And such is the distinct claim in the bill, in which it is alleged that the whole expenditure was fourteen hundred dollars, and that each of the respondents ought to pay the sum of two hundred thereof.   As there is therefore no difficulty in apportioning the amount, whatever it may be, that is due to the petitioners from the respondents, it appears to us that no case is stated for the interference of a court of equity ; and the petitioners' bill should therefore be dismissed, on the ground that there is adequate remedy at law.

And so we advise the superior court.

In this opinion the other judges concurred.