BRIDGET NINE, APPELLANT, *v.* LEWIS M. STARR, RESPONDENT.

BASTARD CHILD—AGREEMENT FOR SUPPORT—CONSIDERATION FOR.—Where the putative father of a bastard child agrees with the mother that he will pay her for boarding and clothing such child, such contract is without consideration, and cannot be legally enforced.    The mother of such child is its guardian and bound to maintain it.

IDEM.—A moral obligation unsupported by any pre-existing legal obligation is not a sufficient consideration to support an express contract that can be enforced at law.

APPEAL from Multnomah County.

This is an action to recover upon an express contract for the maintenance of the infant illegitimate son of the parties. The appellant alleges that in August, 1867, she gave birth to an illegitimate child, of which the respondent is the natural father; that at that time and prior thereto the appellant and respondent cohabited together but were not married, and that they so continued until July, 1868, when she informed the respondent of her determination to withdraw from the unlawful association with him, which she then did; that thereupon he requested her to keep, support, clothe, and educate the child, and provide medical attention for it when necessary, and to continue such support and care for nine or ten months, or until the respondent could make arrangements to take it for himself and send it to his sister in California, where he intended to have it kept and raised; that he promised to pay therefor so much as the ser-

vices were reasonably worth, and all expenses necessarily incurred by the appellant in caring for the child; that in consideration of these promises she kept and cared for the child, and paid out for medical treatment and medicines for it six hundred dollars; and that her services and other necessary expenditures for the child are reasonably worth seven thousand dollars.

To this complaint a demurrer was filed, which was sustained by the court, and the respondent had judgment for his costs and disbursements. From this judgment this appeal is taken.

*Yocum & Clarno,* for appellant.

*Dolph, Bronaugh, Dolph & Simon,* for respondent.

By the Court, Boise, J.:

The first question arising on the demurrer in this action is as to the sufficiency of the allegations of the complaint to constitute a cause of action. The contract relied on is an agreement made by the alleged father of a bastard child with the mother, whereby he agreed to pay her for its maintenance. It is claimed by the respondent that this alleged agreement is without consideration and void, for the reason that the putative father of a bastard child is not legally bound to support it, but that this obligation legally devolves on the mother. We think that whatever the moral obligation of a putative father may be to support such a child, no legal obligation attaches to him in that behalf, and that this legal obligation is upon the mother. Tyler on Infancy and Coverture (p. 285), lays down the rule that the mother is the natural guardian of such a child, and is bound to maintain it, and we think such is the law. When one agrees to pay another for a service which that other is legally bound to perform, the contract is without consideration, and can not be enforced. (Parsons on Contracts, 424.)

It may be truly said that the respondent was under a moral obligation to contribute to the support of this illegitimate child, and it is insisted that this is a sufficient consideration to support this promise. But to constitute a moral

obligation the consideration of an express contract which may be enforced by an action at law, there must have been some pre-existing legal obligation. This legal obligation may have ceased to have force by reason of the statute of limitations, or the like; but there having been a legal obligation, the moral obligation is sufficient to revive the liability by means of an express promise. (*Mills* v. *Wyman*, 3 Pick. 207; *Dodge* v. *Adams*, 19 Pick. 429; *Cook* v. *Brady*, 7 Conn. 57.)

We think, therefore, that the alleged promise of Starr to pay the appellant for the maintenance of this child can not be enforced at law, and that the judgment of the circuit court must be sustained.

The other points in the demurrer are therefore immaterial.