MONROE COUNTY v. TELLER.

1. **Insanity**: LIABILITY OF RELATIVES FOR INSANE PATIENTS. The term "relatives," as used in section 1433 of the Code, with reference to liability for the maintenance of a patient in the insane asylum, means only those who are bound by law to the support of such person. A father is not bound to maintain an adult child.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, OCTOBER 8.

THIS is an action to recover an amount of money paid by the plaintiff for the keeping and treatment of Isaac D. Teller

as a public patient in the hospital for the insane at Mount Pleasant. The cause was tried to the court and the following facts were found: "On the 30th day of January, 1872, upon information filed by the defendant, Isaac D. Teller was duly adjudged insane by the commissioners of Monroe county, Iowa, and by the said commissioners duly committed to the insane asylum at Mt. Pleasant, Iowa, for the purpose provided for by law, and was kept in said asylum from the 30th day of January, 1872, to the 20th day of January, 1873, at an expense of two hundred and thirty-four dollars and forty-one cents, as shown by the bill of particulars attached to the plaintiff's petition, which said amount the plaintiff became legally bound to pay and has paid the same. The said defendant is the father of said Isaac D. Teller, who at the time he was committed to the asylum was over twenty-one years of age, and no part of said expenses has been refunded to the county by defendant, nor by said insane person. It further appears from the record that the said Isaac D. Teller has not had any estate since his discharge out of which plaintiff could be reimbursed. Upon these facts the court held the defendant not liable to the plaintiff, and rendered judgment for the defendant for costs. Plaintiff appeals.

*Perry & Townsend*, for appellant.

*George Teller*, for appellee.

ROTHROCK, J.—I. Section 1433 of the Code, which is identical with the statute in force at the time the defendant's son was an inmate of the hospital for the insane, is in these words: "The provisions herein made for the support of the insane at public charge shall not be construed to release the estates of such persons nor their relatives from liability for their support; and the auditors of the several counties, subject to the direction of the board of supervisors, are authorized and empowered to collect from the property of such patients, or from any person legally bound

1. INSANITY: liability of relatives for insane patient.

for their support, any sums paid by the county in their behalf, as herein provided; and the certificate from the superintendent, and the notice from the Auditor of State, stating the sums charged in such cases, shall be presumptive evidence of the correctness of the sums stated. If the board of supervisors, in the case of any insane patient who has been supported at the expense of the county, shall deem it a hardship to compel the relations of such patient to bear the burden of his support, they may relieve such relations from any part or all of such burden, as may seem to them reasonable and just."

It is urged that under this section, where a public patient has no estate, his "relations," no matter how remote, are bound to reimburse the county for his support at the hospital. To adopt such a construction would give a very wide range to claims of this character, and create liabilities which certainly never were contemplated by the legislative mind. The word "relatives," as used in the first clause of the section, and "relatives," as used in the last clause, must be construed to mean the persons from whom the county may collect such claims; that is, "persons legally bound" for the support of the insane person. A father is not legally bound to support his adult children at common law, nor under the statutes of this State. They owe him no service, and are as free from his restraint as though there were no kinship. He is no more liable on their account than a stranger, excepting as provided in chapter 1, title 11, of the Code, which provides for the support of the poor. It is not claimed in this case that at the time the defendant's son was sent to the hospital he was a pauper, nor that he was a county charge, nor that he ever has been, within the meaning of chapter 1, title 11. That chapter only has reference to relief for the poor; that is, to such as apply to the proper authorities for relief because of poverty.

AFFIRMED.