## BECKER *v.* GIBSON.

PARENT AND CHILD.—*Necessaries furnished Parent.—Common Law.*—There is no legal obligation, either at common law or under the statutes of this State, resting upon a son to support his parents.

SAME.—A son can be charged for necessaries furnished to his parents only when furnished at his special instance and request.

SAME.—*Action against Son.—Evidence.*—In an action against a son, to recover for necessary medical treatment of his parents, alleged to have been performed at his request, the fact that third parties had furnished his parents other necessaries at his request is not competent evidence to charge him for such medical services.

SAME.—The plaintiff in such action having introduced evidence that the defendant had previously paid similar bills, it was competent for the latter to testify that such bills had been paid by a copartnership of which he was then a member, and charged to the parent, and that he and his brothers had then reimbursed such firm.

From the Dearborn Circuit Court.

*J. Schwartz*, for appellant.

*H. D. McMullen* and *D. T. Downey*, for appellee.

NIBLACK, J.—This was a suit upon a physician's bill.

The complaint charged that the defendant, William E. Gibson, was indebted to the plaintiff, Frederick W. Becker, for medical services rendered, and for medicines furnished, to John H. Gibson and Mary E. Gibson, the father and mother of the defendant, during the year 1875, at the special instance and request of the defendant, and upon his special promise to pay for such services and medicines.

The answer was in general denial. There was a verdict and judgment for the defendant.

The only questions discussed here are such as arose upon a motion for a new trial. The cause was tried upon the theory that the services and medicines sued for were rendered and furnished, respectively, at the special request of the defendant.

Louis M. Foulk, a witness on behalf of the plaintiff, testified that the father and mother of the defendant, above named, with one Hall, their son-in-law, and his wife, their daughter, moved into a house belonging to his, witness', wife, in the spring of 1875, and occupied it for several months, extending probably into the spring of 1876.

The plaintiff then proposed to prove by the witness, that the defendant rented that house of him and paid him the entire rent for it, during the time it was so occupied by the defendant's father and mother and Hall and wife, and that during the same time the defendant paid Hall and wife for taking care of his said father and mother. The defendant objected to the introduction of the proposed proof, and his objection was sustained.

It is insisted that the court erred in excluding what was thus proposed to be proven; but we are unable to see that there was any error in that respect. The facts proposed to be shown did not in any manner tend to establish the express promise relied on by the plaintiff. At common law, a son is under no legal obligation to support his parents, and we are not aware of the existence of any statute of this State, changing that rule. A son may be charged for necessaries furnished to his parents at his request but such request must be proven. It cannot be inferred from his, natural duty to provide for his parents, or from any merely collateral fact. *Lebanon* v. *Griffin*, 45 N. H. 558 ; *Stone* v. *Stone*, 32 Conn. 142.

There was also evidence tending to show that the defendant had paid to the plaintiff similar bills for the years 1873 and 1874. In regard to these latter bills, the defend-

ant stated, while testifying in his own behalf, that the firm of William E. Gibson & Co., of which he was a member, had paid them in the first instance, and charged them to his father, John H. Gibson, and then, over the objection of the plaintiff, he was permitted to state that he and two brothers reimbursed William E. Gibson & Co., for the amounts thus advanced by them in payment of those bills.

It is further insisted, that the court erred in permitting the defendant to make this last statement concerning the reimbursement of William E. Gibson & Co. But, as these payments were introduced in evidence as circumstances against the defendant, it was clearly competent for him to bring out all the facts connected with them for the information of the jury.

It is a familiar rule of evidence, that where one party calls out a part of a transaction, the other party is at liberty to bring out the rest of it, so that the jury may have the entire transaction before them ; and the application of that rule fully sustains the action of the court, complained of as above.

A question is also made upon the sufficiency of the evidence to sustain the verdict; but we are unable to see any reason for disturbing the verdict upon the evidence.

The judgment is affirmed, with costs.