AT

## DES MOINES, DECEMBER TERM, A. D. 1882.

IN THE THIRTY-SIXTH YEAR OF THE STATE.

---

PRESENT:

HON. WILLIAM H. SEEVERS, CHIEF JUSTICE.
" JAMES G. DAY,
" JAMES H. ROTHROCK,
" JOSEPH M. BECK, } JUDGES.
" AUSTIN ADAMS,

---

## MANSFIELD v. SAC COUNTY.

1. **Paupers:** MEDICAL AID FOR: DUTY OF TOWNSHIP TRUSTEES: LIABILITY OF COUNTY. When the township trustees have authorized a physician to furnish medical aid to a poor person, it is their duty to report the case forthwith to the board of supervisors; but in case they fail so to do, the medical aid may be continued, if done in good faith, until the supervisors otherwise order, and the county will be liable to the physician for the same; but the township trustees, in case of such failure on their part, will be holden to the county for the damages arising from the continuance of aid to persons not properly entitled thereto.

2. ——: AID FURNISHED WITHOUT AUTHORITY: COUNTY NOT LIABLE. Where a physician, after having for some days rendered professional aid

to a poor person, reported the case to the township trustees, who authorized him to continue such aid, *held* that for the aid furnished before the authority of the trustees was obtained the county was not liable.

3. ———: BILLS FOR AID TO: CERTIFICATE OF TOWNSHIP TRUSTEES: EVIDENCE. Where the township trustees certified to a bill for aid to a poor person as follows: "We, the undersigned, trustees of Jackson township, recommend the payment of the above-named bill for treatment of Mrs. J. and family as a pauper," *held*, that the certificate was insufficient, because it did not state that the bill was "correct," as required by § 1366 of the Code, and that the court properly excluded the certificate when offered in evidence.

*Appeal from Sac Circuit Court.*

TUESDAY, DECEMBER 5.

THE plaintiff, a practicing physician, brings this action to recover of the defendant one hundred and four dollars and fifty cents, on account of medical attendance and medicines furnished Mrs. Johnson, a poor person. The cause was tried to a jury, and verdict was returned for the defendant. The plaintiff appeals. The material facts are stated in the opinion.

*Chas. D. Goldsmith,* and *Wright, Cummins & Wright,* for appellant.

*Lot Thomas,* for appellee.

DAY, J.—The plaintiff commenced professionally treating and furnishing medicines for Mrs. Johnson, who was an indigent person, on the 3rd day of November, 1880, and continued to do so until the 4th day of Jan., 1881, the medical attention amounting to $83 and the medicines to $21.20. Mrs. Johnson informed the plaintiff that she was not able to pay him for his services, and he reported her case to two of the township trustees. These trustees, on the 8th or 9th of November, verbally authorized the plaintiff to furnish her such medicines and attention as she needed. This action was reported to the other township trustee the next day, and he approved thereof. The board of supervisors met on the 8th

and adjourned on the afternoon of the 9th day of November. The township trustees did not report their action to the board of supervisors, and they made no order in the premises.

I. The court instructed the jury as follows: " 7. The trustees are authorized to furnish only temporary aid to poor persons,

1. PAUPERS: medical aid for: duty of township trustees: liability of county.

and must forthwith report the case to the board of supervisors, who may continue or deny relief; as they find cause. And if the board of supervisors fail or refuse to continue such relief, after. the trustees could have reasonably reported the case to them, the employment of the trustees ceases, and for any aid furnished thereafter the county will not be held.

" 8. If in this action you find that the trustees of Jackson township employed the plaintiff to render aid to such poor person, such employment could extend only from the time of such employment to the first meeting of the board of Supervisors, when the case could be reported to them. Such employment would then cease, and the defendant cannot be held for the payment of any aid furnished by him thereafter, unless authorized thereto by the board of supervisors, or if the board of supervisors were in session at the time application was made to the said trustees for aid by said poor persons, if such application was made, and if the said application could have reasonably been reported to the defendant's board of supervisors while then in session, the power of the trustees to render said aid will be confined to such time only as would be required with reasonable diligence to report the case to the board of supervisors, and for them to take action thereon."

The appellant assigns the giving of these instructions as error. The provisions of the Code upon the subject are as follows:

" Sec. 1364. The trustees in each township, in counties where there is no poor-house, have the oversight and care of all poor persons in their township, and shall see that they re-

ceive proper care, until provided for by the board of supervisors."

" Sec. 1365. The poor must make application for relief to the trustees of the township where they may be, and if the trustees are satisfied that the applicant is in such a state of want as requires relief at the public expense, they may afford such relief as the necessities of the persons require, and shall report the case forthwith to the board of supervisors, who may continue or deny relief, as they find cause."

" Sec. 1366. All claims and bills for the care and support of the poor shall be certified to be correct by the proper trustees, and presented to the board of supervisors, and, if. they are satisfied that they are reasonable and proper, they are to be paid out of the county treasury."

" Sec. 1368. If any poor person, on application to the trustees, is refused the required relief, he may apply to the board of supervisors, who, on examination into the matter, may direct the trustees to afford relief, or they may direct specific relief."

It is clear from the provisions of these sections that application for aid must first be made to and passed upon by the township trustees. It is also clearly the duty of the trustees to report the case forthwith to the board of supervisors. The question which we have now to determine is, what is the effect of a neglect of the trustees to perform their duty in this regard. Must the poor person die from want of necessary food, medicines and medical attendance, or be supplied by individual charity? The neglect of so plain a provision of the statute is a clear violation of official duty, justly rendering the delinquent liable to public animadversion. But shall the indigent suffer, simply because one intrusted with official duty has failed in its discharge? Such a construction would be opposed to the policy of our laws, and a disgrace to our civilization. It is true the person authorized by the township trustees to aid the poor, might, by timely inquiry, ascertain

whether the trustees have reported their action to the board of supervisors, and refuse further aid upon finding that they have not done so. But if this course should be pursued, the poor might suffer, and even die, for want of assistance. The only construction consistent with a humane and enlightened policy is to hold that, when the trustees authorize aid to be furnished to a poor person, it may be continued, if done in good faith, until the board of supervisors otherwise order, holding the township trustees, in case of their failure to report their action, liable to the county for the damages arising from the continuance of aid to persons not properly entitled to it. This question was referred to, but not determined, in *Cooledge v. Mahaska Co.*, 24 Iowa, 211.

These instructions, in so far as they recognize the doctrine that plaintiff cannot recover for any aid furnished after the time that the trustees might reasonably have reported their action to the board of supervisors, are erroneous.

II. The giving of the following instruction is assigned as error: "The plaintiff cannot recover in this action for any

2. ———: aid furnished without authority: county not liable.

services or medicines furnished to said poor person, prior to the time that he was legally employed by the said trustees. Therefore, if you find that any portion of the medicines or medical services for which plaintiff claimed compensation were furnished to said poor person prior to the time of his employment by the trustees, he will not be entitled to recover for such medicines or medical services."

The statute evidently contemplates that application shall be made to the trustees for assistance, before it is furnished. It may be that sudden emergencies will arise, demanding assistance before application can be regularly made to the trustees for aid. It may also be that humanity requires that the statute should make provision for such emergencies. But no such provision appears to have been made, and it is not our province by construction to extend the statute to cases not within its provisions. It is our duty simply to declare,

and not to make, the law.   We feel constrained to hold that, in giving this instruction, the court did not err.

III. The plaintiff offered in evidence two bills of particulars of his account, to each of which was attached a certificate of the township trustees, as follows:   "We, the undersigned, trustees of Jackson township, recommend the payment of the above named bill for treatment of Mrs. Jeff. Johnson and family, as a pauper."   This testimony was objected to.   The court overruled the objection as to the bills, and sustained it as to the certificates.   This ruling the appellant assigns as error. Section 1366 of the Code provides that all claims and bills for the care and support of the poor shall be certified to be correct by the proper trustees.   This certificate does not comply with the provision of the statute.   A recommendation that the bills be paid is not equivalent to a certificate that they are correct.   We think there was no error in this ruling. For the reasons assigned, the judgment is

REVERSED.

*3. ——: bills for aid to: certificate of township trustees: evidence.*