Decided 25 May, 1903.

## BELKNAP v. WHITMIRE.

[72 Pac. 589.]

PARENT AND CHILD—CONTRACT OF LATTER FOR NECESSARIES.

1. Children are liable for necessaries furnished to an indigent parent at their special request just as they are liable on any other contracts, they may make, though they may not be liable for necessaries furnished without a request, as at common law there was no legal obligation on a child to support its parent.

STATUTORY LIABILITY OF CHILD TO SUPPORT PARENT.

2. The statutory method of enforcing the liability of a child for the support of its indigent parent is exclusive, and where such claims are made under the statute the child can be held liable only in the manner there provided.

EFFECT OF JOINT GENERAL DEMURRER.

3. A joint general demurrer by several parties for insufficiency should be overruled if the pleading is good against any one of them.

From Grant: MORTON D. CLIFFORD, Judge.

This is an action by V. C. Belknap against Thomas and Frances Whitmire to recover for professional services alleged to have been rendered by plaintiff, and for goods, wares, and merchandise alleged to have been sold and delivered by his assignors, to defendants and their mother. The facts, as appear from the complaint, are that the defendants are brother and sister, the latter a minor of the age of seventeen years; that their father died in July, 1890; that thereafter, until the death of the mother, in March, 1901, she and the defendants continued to live together as one family; that the mother was during all the time without property or means of support, and, by reason of continuous bodily infirmity, was unable to work and support herself or her children, but the defendants were and now are equal owners of property of the value of $1,600, and by reason thereof were and now are of sufficient financial ability to furnish and pay for necessaries for the support of themselves and their indigent mother; that between sundry dates after the death of the father, and prior to the death of the mother, the plaintiff and his assignors rendered professional services, and furnished drugs, medicines, and other goods, wares, and merchandise, to the

defendants and their mother, the cost of which remains unpaid in part. The gist of the allegations of the several causes of action is substantially the same, and it will be sufficient for the purposes of this case to quote those of the plaintiff, which are as follows :

"Plaintiff alleges that on and between the 14th day of March, 1896, and the 2d day of March, 1901, both dates inclusive, in Grant County, State of Oregon, the said defendants, and each thereof, became indebted to the plaintiff in the sum of $1,117 for medical and professional services rendered, and medicines and drugs furnished, as necessaries, to the said defendants, and each thereof, and to their poor, indigent, and invalid mother, F. A. Whitmire, while living together as aforesaid, at the special instance and request of defendants, and each thereof, and of the said F. A. Whitmire, and that for convenience only, and with the knowledge and consent of defendants, and each thereof, the account therefor was kept in the name of F. A. Whitmire, and that said defendants, and each thereof, then and there promised and agreed to pay the same ; that the said medical and professional services rendered, and medicines and drugs furnished, to defendants and their mother by plaintiff as aforesaid, were and are necessaries suitable to the station and condition in life of the said defendants, and each thereof, and of their said mother, and the price and value charged therefor was and is just and reasonable ; that the said account of $1,117 has not been paid, nor any part thereof, except the sum of $27.50 paid on the 5th day of October, 1896, and the further sum of $219.80 paid on the 1st day of March, 1901, and there is now due and owing plaintiff from defendants, and each thereof, on said account, the sum of $869.70, with interest thereon at the rate of 6 per cent per annum from the 2d day of March, 1901."

A demurrer to the complaint, because it does not state facts sufficient to constitute a cause of action, was sustained. The plaintiff refused to plead further, and a judgment was rendered against him for costs and disbursements, from which he appeals.                              REVERSED.

For appellant there was a brief over the name of *Cattanach & Wood.*

For respondents there was a brief and an oral argument by *Mr. Victor G. Cozad.*

MR. JUSTICE BEAN, after stating the facts in the foregoing terms, delivered the opinion.

1. Although the complaint alleges that the professional services rendered by the plaintiff, and the goods, wares, and merchandise furnished by his assignors, were necessaries suitable to the station and condition in life of the defendants and their mother. the action cannot be regarded as one brought for necessaries furnished to and upon the contract of a minor. If they are liable on such a contract, they must be sued separately for the value of the necessaries furnished to each, instead of which the action is brought against them jointly to recover for services rendered, and goods, wares, and merchandise furnished, to them and their mother. The argument of defendants' counsel is confined chiefly to a discussion of the question as to when and under what circumstances children may be charged with the support of their indigent parents, and whether they can be held liable on a promise to pay for past support and maintenance voluntarily furnished by third persons. The complaint, however, alleges that the plaintiff's professional services were rendered, and the goods, wares, and merchandise furnished, by his assignors to the defendants and their mother, "at the special instance and request of defendants, and each thereof," and that they "then and there promised and agreed to pay the same." Whatever the liability of a child may be under other circumstances, there can be no question but that he may be charged for goods, wares, and merchandise furnished a parent at his special instance and request, as upon any other contract made by him: *Lebanon* v. *Griffin*, 45 N. H.

558; *Becker* v. *Gibson*, 70 Ind. 239. At common law there is no legal obligation resting on a child to support his parent, however strong the moral duty may be: Schouler, Dom. Rel. (5 ed.), § 265; *Gray, Adm'x* v. *Spalding*, 58 N. H. 345. Hence the law does not infer a promise by him to pay for necessaries furnished to an indigent parent: *Edwards and Wife* v. *Davis*, 16 Johns. *281; *Lebanon* v. *Griffin*, 45 N. H. 558; *Becker* v. *Gibson*, 70 Ind. 239; *Stone* v. *Stone*, 32 Conn. 142. But when the support is furnished at his request, he becomes bound therefor, the same as upon any other contract.

2. In this and in many other states children are made liable by statute for the support and maintenance of their parents, when poor and unable to maintain themselves: B. & C. Comp. §§ 2654, 5254. The statutory procedure provided for enforcing the duty thus enjoined is exclusive, and the child can be held liable only in the manner provided. The statute does not authorize a volunteer who has afforded relief to an indigent party to maintain an action therefor against a child of such party as upon an implied contract arising merely from the moral duty which the child owes to support the parent: *Gray, Adm'x* v. *Spalding*, 58 N. H. 345; *Edwards and Wife* v. *Davis*, 16 Johns. *281; *Dawson* v. *Dawson*, 12 Iowa, 512; *Condon* v. *Pomeroy-Grace*, 73 Conn. 607 (48 Atl. 756, 53 L. R. A. 696). And it has even been held that the statutory liability is not a sufficient legal consideration to support a promise to pay for past expenditures made by a third person for such purpose: *Nine* v. *Starr*, 8 Or. 49; *Cook* v. *Bradley*, 7 Conn. 57 (18 Am. Dec. 79); *Dawson* v. *Dawson*, 12 Iowa 512; *Mills* v. *Wyman*, 3 Pick. 207; *Loomis* v. *Newhall*, 15 Pick. 159; *Trimble* v. *Rudy* (Ky.), 53 L. R. A. 353, note. Whatever the rule may be upon this last point, the complaint herein is sufficient, because it alleges that the support and maintenance was furnished at the special in-

stance and request of the defendants, and each of them. It therefore states a good cause of action upon contract against the defendant Thomas Whitmire, even if the other defendant, who was a minor, may for that reason avoid her contract: *Hamm* v. *Basche*, 22 Or. 513 (30 Pac. 501); *Tillamook Dairy Ass'n* v. *Schermerhorn*, 31 Or. 308 (51 Pac. 438).

3. The demurrer, being joint, should have been overruled: *Boyd* v. *Mutual Fire Assoc.* (Wis.), 90 N. W. 1087, 1093; *Hirshfeld* v. *Weill*, 121 Cal. 13 (53 Pac. 402).

The judgment of the court below is reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.

---

Decided 12 January, 1903.