Argued 6 April, decided 22 May, 1905.

**FALING *v*. MULTNOMAH COUNTY.**

80 Pac. 1009.

POWER OF COUNTY COURT TO COMPEL SUPPORT OF PAUPER RELATIVES— CONSTRUCTION OF STATUTE.

Under Sections 2653 and 2654, B. & C. Comp., providing that county courts shall have superintendence of the poor, and that poor persons must be supported by their relatives, if the latter have the financial ability, the county court must hold a hearing, upon notice, as to the conditions and causes involved, and if it then appears that the relatives ought to contribute to the support of the poor person, the court may enter an order directing the relatives to contribute. If this order is not obeyed, or the sum contributed is not sufficient, the county may maintain an action to recover a reasonable sum for the care of the poor person, but it cannot itself compel payment of any sum.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. CHIEF JUSTICE WOLVERTON.

The county court for Multnomah County, sitting in the transaction of county business, cited Xarifa J. Faling, plaintiff, to appear before it and show cause why she should not be directed to support her brother, Cornelius W. Barrett, or pay to the county for the use of the poor the sum of $30 a month, or such other sum as the court might deem sufficient. The plaintiff, appearing specially, moved to quash the order requiring her to show cause on the grounds, first, that the petition does not state facts justifying the order; and, second, that the court is without power or jurisdiction to make it. The motion being overruled, and the plaintiff refusing to plead further, an order and decree was entered by Lionel R. Webster, county

judge, in accordance with the prayer of the petition, requiring plaintiff to support the defendant, and, in case of her failure in that regard, that she pay to the County of Multnomah for the use of the poor the sum of $30 a month so long as she continues in such failure.    The proceeding was certified to the circuit court in obedience to a writ of review, wherein the order was affirmed, and Mrs. Faling appeals from the judgment there rendered.    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Thomas Nelson Strong.*

No appearance for respondent.

MR. CHIEF JUSTICE WOLVERTON delivered the opinion.

The sole question necessary to be determined is as to the extent of the power accorded the county court sitting in the transaction of county business in the premises.    By statute the county courts of the several counties of the State are vested with exclusive superintendence of the poor.    It is further provided that every poor person who shall be unable to earn a livelihood in consequence of bodily infirmity or other cause shall be supported by the father, mother, children, brothers or sisters of such poor person, if they or either of them be of sufficient ability; and every person who shall fail or refuse to support his or her father, mother, child, sister or brother, when directed by the county court of the county where such poor person shall be found, shall forfeit and pay to the county, for the use of the poor of the county, the sum of $30 per month, or such other sums as the court shall find sufficient, to be recovered in the name of the county court for the use of the poor as aforesaid before any justice of the peace or any court having jurisdiction: B. & C. Comp. §§ 2653, 2654.    The policy of the law is apparent.    The county court is vested with exclusive superintendence of the poor, and the duty of a relative to support a poor relative within the degree of consanguinity designated is enjoined.    This much is explicit and clear.    The county court is accorded the further authority, by the strongest implication, to direct such relative possessing the ability to discharge that

duty. This in furtherance of its superintendence of the poor.
The court could not very well direct the relative to discharge
the duty thus enjoined upon him without according him a
hearing, and to such purpose it would not be improper to cite
the alleged delinquent to appear before it to show cause why
the direction should not be made. Several things are to be
inquired into by the court before it could regularly enter the
order. It should determine the degree of consanguinity, the
capability of the alleged pauper, whether he has become such
from intemperance or other bad conduct, and the ability of the
relative to discharge the duty. Upon these questions, and others,
it might be, the relative is entitled to a hearing in regular course
before he can be adjudged delinquent and derelict in duty and
directed to render support.

Further, however, than for the determination of these things,
necessary for rendering the order against the delinquent rela-
tive, we think it was not intended that the county court should
have jurisdiction. The forfeiture spoken of is entailed by re-
fusing to observe the direction of the county court, which gives
the county a right to recover in the name of the county court
against the relative refusing to obey the order, and a proper pro-
ceeding may be instituted for that purpose before a justice of the
peace or any court having jurisdiction, and it is the province
of this latter court to determine as to the forfeiture and the
amount proper for recovery. In such a proceeding the county
court would not become its own arbiter, but its position would
be the same as any other litigant, free to establish its cause.
Thus, the county court would have the means of showing what
the expense would be of maintaining the pauper, which would
be the proper measure of the recovery against the relative, and
thus it may substantiate its cause. The statute was probably
intended, not for the punishment of the relative refusing to obey
the direction of the county court, but to give a remedy to the
county by which to recover the amount necessary to the support
of the pauper in its superintendence of the poor. Without fur-
ther discussion of the statute, suffice it to say that such appears
to be its intendment. So interpreted, it is clear that the county
court has exceeded its jurisdiction in adjudging that the plaintiff

in the writ of review pay to the County of Multnomah for the use of the poor the sum of $30 per month for each and every month so long as she should fail to obey the order. For this reason the judgment of the circuit court will be reversed, and the cause remanded with directions to modify the order and decree of the county court accordingly.        REVERSED.