Argued 10 July, decided 23 July, 1907.

## MULTNOMAH COUNTY v. FALING.

91 Pac. 21.

PAUPERS—LIABILITY OF RELATIVES FOR SUPPORT.

1. Under Section 2654, B. & C. Comp., relating to the duty of relatives to support paupers, and the right of the county court to enforce such action, it must be alleged, in an action by a county to recover the cost of supporting the pauper, that the defendant relative has been ordered by the county court to provide the required support and has refused.

COMMON LAW LIABILITY TO SUPPORT POOR RELATION.

2. There is no common law liability resting on a citizen to support his poor relations, such obligation is purely statutory.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action to recover a sum of money for the benefit of a pauper. A demurrer to the complaint was overruled and judgment entered on refusal to further plead, from which defendant appeals.
                                                REVERSED.

For appellant there was a brief and an oral argument by *Mr. Thomas Nelson Strong.*

For respondent there was a brief over the name of *Hayes & Brand,* with an oral argument by *Mr. Ernest Brand, Jr.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is an action brought by the County Court of Multnomah County against Xarifa J. Faling to compel her to pay to the county $30 per month for the support of her brother, Cornelius

W. Barrett, an alleged poor person, and comes here on appeal from a judgment rendered in favor of plaintiff, after overruling a demurrer to the complaint.

1. Section 2654, B. & C. Comp., provides:

"Every poor person, who shall be unable to earn a livelihood in consequence of bodily infirmity, * * shall be supported by the father, mother, children, brothers or sisters of such poor person, if they or either of them be of sufficient ability; and every person who shall fail or refuse to support his or her father, mother, child, sister or brother, when directed by the county court, * * shall forfeit and pay to the county, for the use of the poor of their county, the sum of thirty dollars per month, or such other sums as the court shall find sufficient, to be recovered in the name of the county court for the use of the poor as aforesaid before any justice of the peace or any court having jurisdiction."

There is no averment in the complaint that the defendant has been directed by the county court to support her brother, and that she has failed or refused to comply therewith, and this is an essential prerequisite to the maintenance of the action.

2. At common law there is no legal liability resting on one relative to support another, however strong the moral duty may be. The duty of providing such support is purely statutory, and the procedure provided for its enforcement is exclusive: *Belknap* v. *Whitmire*, 43 Or. 75 (72 Pac. 589). Under this statute the county court has no cause of action against a delinquent relative except upon his failure to perform the duty imposed upon him by statute "when directed by the county court." The provision is that every person who shall refuse to support his or her parents, children, brother or sister, "when directed by the county court," shall forfeit and pay to the county for the use of the poor the sum of $30 per month, or such other sum as the court shall find sufficient, "to be recovered in the name of the county court" before a court having jurisdiction. To fix a liability in favor of the county court and against the delinquent relative, it is necessary therefore than an order be made by the court directing him to discharge the duty imposed upon him, and that such direction has been ignored: *Faling* v. *Mult-*

*nomah County,* 46 Or. 460 (80 Pac. 1009). This is the plain reading of the statute, and the necessary and orderly procedure to fix liability upon a delinquent relative, and a complaint by a county court which fails to allege a compliance with the statute necessarily does not state a cause of action.

For these reasons the judgment of the court below must be reversed, and the case remanded, with directions to sustain the demurrer to the complaint, and for such further proceedings as may be proper not inconsistent with this opinion.

REVERSED.