SANBORN COUNTY, Appellant, v. LUTTER, Respondent.

(193 N. W. 55.)

(File No. 5099.   Opinion filed April 3, 1923.)

**Insane Persons—Parent and Child—Statute Construed and Held to
Make Father Liable For County's Expense in Maintaining In-
sane Child in Hospital.**

Rev. Code 1919, Sec. 191, providing that a father, mother,
and children of any poor person unable to maintain himself by
work must maintain such person to the extent of their ability,
makes both parent and child liable for the support of each
other under the conditions named, regardless of age of children,
and, when section 191 is read in connection with sections 5473
and 5491, it explains the phrase "person legally bound" to
support an insane person, as used in those sections, so that a
father is liable for the amount incurred by a county for main-
taining his insane daughter in a hospital.

Appeal from Circuit Court, Sanborn County; Hon. FRANK B.
SMITH, Judge.

Action by Sanborn County against Henry Lutter. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*R. B. Palmer*, State's Attorney, of Woonsocket, for Appellant. *Kelley, Byrnes & Markey*, of Huron, for Respondent.

Appellant cited: Paxton v. Paxton (Cal.), 89 Pac. 1083; McCook County v. Kamoss et al, 7 S. D. 558, 64 N. W. 1123; Tobin v. Bruce, 39 S. D. 64, 162 N. W. 993; People v. Hill, 163 Ill. 186, 36 L. R. A. 634; Schultz v. Western Farm Tractor Co. (Wash.), 14 A. L. R. 514, p. 516; Rowell v. Town of Vershire (Vt.), 8 L. R. A. 708; Templeton v. Stratton, 128 Mass. 137; Burril v. Sermini, 229 Mass. 248, 118 N. E. 331; Arlington v. Lynn, 131 Mass. 328; 21 R. C. L. 724; 9 Cyc. 243; McCook County v. Kammoss, 7 S. D. 558, 31 L. R. A. 461; Wapello County v. Eikelberg (Ia.), 117 N. W. 978; Meade County v. Welch, 34 S. D. 348, 148 N. W. 601; Minnehaha County v. Boyce, 30 S. D. 226, 138 N. W. 287; Bon Homme County v. Berndt, 15 S. D. 494, 90 N. W. 147; Watt et al v. Smith, 89 Cal. 602, 26 Pac. 1071; Moody County v. Minnehaha County, 17 S. D. 331.

Respondent cited: Nappa State Hospital v. Flaherty, 66 Pac. 322; Montgomery County v. Ristine, 24 N. E. 990, 8 L. R. A. 461; State v. Culligan, 104 N. W. 905; Jones County v. Norton, 60 N. W. 200; Blakely v. Laba, 18 N. W. 658; Richardson County v. Frederick, 39 N. W. 621.

POLLEY, J. The defendant has a daughter who is without means of support, who is past the age of majority, and who has been adjudged insane and been confined in the State Hospital for the Insane since the year 1915. During such confinement Sanborn county, the county of defendant's domicile, and the domicile of said insane person at the time she was adjudged insane, has paid to the state the amount fixed by statute for the care, support and treatment of said insane person while at said hospital. The county, desiring reimbursement for the sums of money so paid out, made demand therefor on the defendant. Payment was refused, and the county auditor commenced this action for the recovery of said sum of money and the interest thereon. The complaint alleged that the defendant was financially able to pay for such support. Defendant demurred to the complaint on the ground,

among others, that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the county appeals.

Section 5473, Revised Code of 1919, provides as follows:

"All residents of the state who are, or who may become, inmates of the hospital [for the insane] shall receive their board, tuition and treatment free of charge during their stay, but any persons who are legally bound to support such insane person may be required by the county auditor of the county in which they reside to pay into the county treasury of the same county, * * *" the amount fixed by statute for such care and treatment.

And section 5491 provides that:

"The amount incurred by any county in this state for treatment and maintenance of any insane person in a hospital for the insane shall be a charge against any person legally bound for the support of such insane person. * * *"

Who it is that becomes liable because of either or both of these two sections depends upon who is meant by "any person legally bound." Respondent contends that this clause has reference to such persons only as would have been legally liable for the support of such insane person under the common law. This might be true, no doubt, if we had no other statute on the subject than those above set out. Monroe County v. Teller, 51 Iowa 670, 2 N. W. 533; County of Delaware v. McDonald, 46 Iowa 170. But section 191, Revised Code 1919, provides that:

"It is the duty of the father, the mother, and the children, of any poor person who is unable to maintain himself by work, to maintain such person to the extent of their ability."

This section does not limit the liability of a father or mother to the support of minor children, nor does it make any exception of children, minors or adults, who may be insane. It makes both parent and children liable for the support of each other under the conditions named, regardless of the age of the children. This section, we believe, should be read in connection with sections 5473 and 5491, above set out, and when so read, it explains who is meant by the clause "person legally bound" where used in those sections. If this is the correct interpretation of these provisions of the law (and we believe it is), then the defendant is liable,

and the demurrer should have been overruled. This seems to be the view of other courts under similar statutes. Rowell v. Town of Vershire, 62 Vt. 405, 19 Atl. 990, 8 L. R. A. 708; Templeton v. Stratton, 128 Mass. 137; Schultz v. Tractor Co., 111 Wash. 351, 190 Pac. 1007, 14 A. L. R. 514; Treasurer and Receiver General v. Sermini, 229 Mass. 248, 118 N. E. 331. See, also, MoCook v. Kammoss, 7 S. D. 558, 64 N. W. 1123, 31 L. R. A. 461, 58 Am. St. Rep. 854; Tobin v. Bruce, 39 S. D. 64, 162 N. W. 934; Attorney General's Opinions 1920, p. 314.

The judgment appealed from is reversed.

Note—Reported in 193 N. W. 55. See American Key-Numbered Digest, Insane Persons, Key-No. 53, 22 Cyc. 1162, 14 R. C. L. 566.

On power of state to make estate of person committed to insane asylum, or his relatives, liable for cost of his maintenance therein, see note in 17 L. A. R. (N. S.) 984.