CHEROKEE COUNTY, Appellant, v. WOODBURY COUNTY, Appellee.

No. 40812.

JUNE 20, 1931.

R. G. Rodman, County Attorney, and Brackney, Farr & Stockman, for appellant.

Ole T. Naglestad, County Attorney, and A. R. Strong, Assistant County Attorney, for appellee.

GRIMM, J.—This action was originally brought at law in Woodbury County and upon a motion for change of venue, was transferred to Monona County, where it was tried in September, 1930.

One Victor Larson had resided in Woodbury County practically all his life, before removing to Cherokee County with his wife and five children on the first of March, 1929. It is conceded that the Larsons had a legal settlement in Woodbury County, but they remained in Cherokee County almost a year. Prior to the expiration of the year and on January 15, 1930, a "Notice to Depart" was served on Larson under Section 5315 of the Code of 1927. The Larsons removed from Cherokee

County to Woodbury County just within the year. In the meantime, expenditures had been made by Cherokee County to and in behalf of Larson and the members of his family for medical attention, medicines, nursing, food and clothing, aggregating about $131.00. It satisfactorily appears that all of these expenditures were reasonable and proper and that the charges therefor were reasonable.

On the 24th day of December, 1929, in accordance with the provisions of Section 5317 of the Code of 1927, the Auditor of Cherokee County notified the Auditor of Woodbury County that Larson had made application to Cherokee County for relief. The notice contained, among other things, the following:

"You are hereby notified that Victor Larson and Family, a poor person having a legal settlement in your county, has made application to this county for relief, and is liable to become a charge upon this county; and you are therefore hereby notified that, unless said pauper is removed, your said county will be held liable for all expenses incurred in ——— behalf."

It is not claimed that the County Auditor of Woodbury County or any other representative of said County disputed the settlement of the Larson family. The statute provides for filing such a dispute within fifteen days.

The first aid granted the Larsons was by a physician on November 26, 1929, and the last assistance was granted on February 5, 1930.

Larson was a farmhand working on a farm in Cherokee County, 4½ miles east and north of Cleghorn in said county, and he and his family resided in the country. By reason of the fact that he was laid off where he was working and also because of illness, he asked for relief.

Mrs. Larson was confined on January 11, 1930. A part of the charge is for medical services and nursing for her. The services in question were rendered and the materials furnished were delivered to the Larsons upon an order of or by the approval of a member of the Board of Supervisors of Cherokee County. The bills were paid by Cherokee County. A demand was duly made by Cherokee County on Woodbury County for reimbursement and Woodbury County refused. This suit followed.

At the close of the plaintiff's evidence, the defendant moved for a directed verdict on three grounds.

First, that there was no evidence showing the township in which the Larsons resided.

Second, that there was no testimony in the record showing that any application had ever been made by the Larson family to the township trustees, which township trustees had charge of administering poor relief in the county.

Third, that the township trustees never ordered or authorized the Board of Supervisors of Cherokee County to pay any money for poor relief to the Larson family.

As previously stated, this motion was sustained and the court instructed the jury to return a directed verdict for the defendant, which was done.

I. The sections of the Code having special application to the questions involved in this case are found in Chapter 267, entitled "Support of the Poor". For convenience, we here copy certain of said Sections 5297, 5300, 5317, 5319, 5320, 5328, 5329, 5330 and 5333:

"5297. *'Poor Person' defined.* The words 'poor' and 'poor person' as used in this chapter shall be construed to mean those who have no property, exempt or otherwise, and are unable, because of physical or mental disabilities, to earn a living by labor; but this section shall not be construed to forbid aid to needy persons who have some means, when the board shall be of opinion that the same will be conducive to their welfare and the best interests of the public.

"5300. *Who deemed trustee.* The word 'trustees' in this chapter shall be construed to include and mean any person or officer of any county or city charged with the oversight of the poor.

"5317. *Contest between counties.* When relief is granted to a poor person having a settlement in another county, the auditor shall at once by mail notify the auditor of the county of his settlement of such fact, and, within fifteen days after receipt of such notice, such auditor shall inform the auditor of the county granting relief if the claim of settlement is disputed. If it is not, the poor person, if able, may be removed to the county of his settlement, or, at the request of the auditor or board of supervisors of the county of his settlement, he may be

maintained where he then is at the expense of such county, and without affecting his legal settlement.

"5319. *County of settlement liable.* The county where the settlement is shall be liable to the county rendering relief for all reasonable charges and expenses incurred in the relief and care of a poor person, and for the charges of removal and expenses of support incurred after notice is given.

"5320. *Relief by trustees.* The township trustees of each township, subject to general rules that may be adopted by the board of supervisors, shall provide for the relief of such poor persons in their respective townships as should not, in their judgment, be sent to the county home.

"5328. *Application for relief.* The poor must make application for relief to the trustees of the township where they may be, and, if the trustees are satisfied that the applicant is in such a state of want as requires relief at the public expense, they may afford such relief, subject to the approval of the board of supervisors, as the necessities of the person require, and shall report the case forthwith to the board of supervisors, who may continue or deny relief, as they find cause.

"5329. *Allowance by board.* The board of supervisors may examine into all claims, including claims for medical attendance, allowed by the township trustees for the support of the poor, and if they find the amount allowed by said trustees to be unreasonable, exorbitant, or for any goods or services other than for the necessaries of life, they may reject or diminish the claim as in their judgment would be right and just. This section shall apply to all counties in the state, whether there are county homes established in the same or not. This and the preceding section shall apply to acts of overseers of poor in cities as well as to township trustees.

"5330. *Payment of claims.* All claims and bills for the care and support of the poor shall be certified to be correct by the proper trustees and presented to the board of supervisors, and, if they are satisfied that they are reasonable and proper, they shall be paid out of the county treasury.

"5333. *Appeal to supervisors.* If any poor person, on application to the trustees, be refused the required relief, he may apply to the board of supervisors, who, upon examination into

the matter, may direct the trustees to afford relief, or it may direct specific relief.''

It is not contended that the Larsons made any application for relief to the trustees of the township in which they were then living. The request was made to a member of the Board of Supervisors of Cherokee County. It is the contention of the defendant that no recovery can be had against the defendant county in a case of this character unless the application for relief is made to the trustees of the township where the applicant resides. In other words, it is contended that the provisions of Section 5328 make it imperative that application be made to the trustees of the township where the applicant resides if the county of the settlement is to be held liable for the expenditures.

The plaintiff-appellant contends, however, that by reason of the terms of Section 5300 of the Code of 1927, it is sufficient if the applicant for relief makes application to the Board of Supervisors of the county where the applicants are temporarily residing.

We are here called upon only to determine the meaning and effect of the words ''The poor must make application for relief to the trustees of the township where they may be'', as found in Section 5328, hereinbefore quoted, when the question is between one county which has paid the bills and the county of settlement which is being called upon to reimburse for such payments. What is here said must be construed as applied only to such a case.

There is here no dispute as to the proper settlement of Larson. When Cherokee County notified Woodbury County, as hereinbefore stated, the authorities of Woodbury County had the right to assume that, if any payments were made by Cherokee County, payment of which would be expected from Woodbury County, Cherokee County would follow the definite provision of the law.

It seems reasonable to suppose that the Legislature contemplated, in passing these various statutes, that someone should first pass upon the question whether Larson was a ''poor person'' in contemplation of the law, and apparently the Legislature designated the township trustees as the proper persons to make such investigation and finding. Manifestly, it would be much easier and more economical for the trustees to do this than for

anyone else, because of distances to be traveled, familiarity with the surrounding conditions, and ability to get definite information on the subject.

While the Board of Supervisors are not bound by a finding of the trustees of the township, yet it would seem that in this case where one county is seeking to recover from another, a finding by the township trustees that the person is legally a "poor person" should be determined by the township trustees, as provided in Section 5328.

So far as we have been able to ascertain, this question has not been definitely determined by this court, but in Wright County v. Hagan, 210 Iowa 795, a case in which Wright County sought to recover of a mother for the support of her daughter in the Hospital for the Insane at Cherokee, this court said:

"An application, although informal, by the poor person, or by someone for the poor person, to the trustees of the township where the poor person has a residence or may be, and action thereon, are the requisite initial steps which must be taken before there can be any liability on the part of the mother, father, and other designated relatives for money expended by the county for the support of the poor person. See Section 5298 of the Code, 1927; Hamilton County v. Hollis, 141 Iowa 477; Bremer County v. Schroeder, 200 Iowa 1285; Mansfield v. Sac County, 60 Iowa 11; County of Clay v. County of Palo Alto, 82 Iowa 626; Monroe County v. Teller, 51 Iowa 670; Boone County v. Ruhl, 9 Iowa 276."

In Armstrong v. Tama County, 34 Iowa 309, this court had under consideration what was then Sections 1387, 1388, 1389 of the Revision, containing the following language:

"The poor must make application for relief to the trustees of the township where they may be, and if the trustees are satisfied that the applicant is in such a state of want as requires relief at the public expense, they may, for the time being, afford such relief as the necessities of the person may require, and shall report the case forthwith to the judge (board of supervisors), who is authorized to deny further relief to such person if he find cause."

This court said:

"The determination, in the first instance, of the question whether the necessities of a poor person are such as to require aid at the public expense, as well as the nature of the relief he requires, must be made by the township trustees."

Under the circumstances, we think that in a case where one county seeks to recover, as in this case, an application, however informal, to the township trustees for relief, is a prerequisite to recovery.

It follows that the trial court correctly ruled and the cause must be, and is, affirmed.

ALBERT, C. J., and EVANS, STEVENS, WAGNER, and MORLING, JJ., concur.

KINDIG, J., not participating.