.SLOAN v. WEBSTER COUNTY.

1. **Paupers:** BILLS FOR AID TO: CERTIFICATE OF TOWNSHIP TRUSTEES. Before a county can be called upon to pay bills for aid alleged to have been furnished to paupers upon the order of township trustees, the trustees must certify the bills to be "correct;" (Code, § 1366;) and it is not sufficient for them to certify that they ordered the aid to be furnished.

2. ———: DUTIES OF TOWNSHIP TRUSTEES CANNOT BE DELEGATED. It is the duty of the township trustees to determine who are entitled to relief at the public expense, and they cannot delegate this duty to another, as was attempted by the peculiar method adopted in this case. See opinion.

3. ———: BILLS FOR AID TO: DEFECTIVE CERTIFICATE: EVIDENCE. Since in this case the certificate of the township trustees to the bill presented by plaintiff was not according to law, and the defect was directly put in issue by the pleadings, the court should have excluded the bill so certified, upon motion of the defendant, in an action to recover of the county for the alleged services.

*Appeal from Buena Vista District Court.*

THURSDAY, OCTOBER 18.

THIS is an action by a physician to recover for medical attendance upon certain paupers in Pleasant Valley township, Webster county. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Jno. F. Duncombe,* for appellant.

*Clarke & Farrell,* for appellee.

ROTHROCK, J.—I. In January, 1881, there was a strike of the coal miners in Pleasant Valley township, and on the twentieth day of the month a large number of colored men, with their families, arrived at the mines to take the place of the strikers. These colored people were brought from the state of Tennessee by the proprietors of the mines. They moved into houses owned by said proprietors, from which houses the striking miners had been expelled. The plaintiff

is a physician residing at or near the mines.   On the thirtieth day of January, 1881, he commenced giving medical treatment and furnishing medicines to said colored people, and continued to treat them from that time up to the sixteenth of February, 1881, a period of about eighteen days.   For this service he presented a bill to the county board of supervisors for $376.50, claiming that he was entitled to be paid by the county for his services, because the same were performed by order of the trustees of Pleasant Valley township.   The board of supervisors refused to audit and allow the claim.   Upon what ground the refusal was based does not appear.   This action was brought to recover the amount of the claim from the county.   The petition sets forth that the services were performed by plaintiff at the request of the township trustees, that they were reasonably worth the amount claimed, and that he had presented an itemized account of his claim to the board of supervisors, "*duly certified by the trustees of said township of Pleasant Valley, and demanded pay therefor, but said board has wholly failed to pay or allow the same.*"

The answer in the petition denied "each and every allegation therein contained."   There were other defenses pleaded, which were held insufficient on demurrer, which, in the view we take of the case, need not be considered.

Under the issues which we have stated, it was incumbent on the plaintiff to prove that the services for which he claimed

1. PAUPERS: bills for aid to: certificate of township trustees.

compensation were performed by the order or under the direction of the township trustees, and that he presented his bill or account to the board of supervisors for allowance, properly certified by the township trustees.   If there was a failure of proof on any material allegation of the petition, he was not entitled to recover. The certificate of the trustees attached to the claim presented to the board of supervisors, and introduced in evidence on the trial of the case, was in these words :

"We, the undersigned, trustees of Pleasant Valley township, hereby certify that we ordered the above services."

(Signed by the trustees.)

Section 1366 of the Code requires that "all claims and bills for the care and support of the poor shall be certified to be *correct* by the proper trustees, and presented to the board of supervisors," etc.

We do not think that this certificate is a compliance with the statute. It is not a certificate that the account or claim is correct. It is a mere statement that the trustees "ordered the above services." They may have ordered the services, and yet the claim made may be incorrect in the amount charged for the services. The statute requires that the bill be certified as correct—that is, correct in the claim made, both as to the services performed, and in the amounts charged for the services.

There is much beside this in the case which inclines us to hold that this certificate is insufficient. It appears that before any of these services were performed the plaintiff prepared certain blank orders, of which the following is a copy:

"Pleasant Valley Township, January, 1881.

"*To George Sloan, M. D.*—

"Dear Sir:

"You are hereby authorized to render such medical service to............... and family as you see proper.

"Baker Webster,
"William Hay,
"George Holliday.

"*Township Trustees.*"

These several orders had the months January and February inserted, but no particular dates. The blank orders were all signed by two of the trustees, and then, by an arrangement between the trustees and the plaintiff, the blank orders were left with the other trustee. When any of the colored persons made application to the plaintiff for medical treatment, he was directed by the plaintiff to go to the trustee who had the blank orders, and the trustee signed his own name and filled the name of the applicant in the blank. The other

two trustees had no knowledge of the filling in of the particular names in the blanks. The township trustees, at the instance of the plaintiff, procured an attorney to prepare the following order, which was signed by all of the trustees:

"Pleasant Valley Tp., Webster Co., Iowa, Feb., 1881.

"To George Sloan, M. D.—Dear Sir: You are hereby authorized and requested by the undersigned, the board of trustees of Pleasant Valley township in Webster county, to give to any colored persons coming to you for medical treatment, with order therefor signed by us, or to the members of the family of such persons, such treatment as in your judgment may be necessary and proper, at the usual rates of charges for like services in the neighborhood in other cases."

This order is dated in February, and the first item in plaintiff's account is dated on the thirtieth of January. It was claimed by the plaintiff that this order was signed and delivered to him before he performed any service. It is possible this is correct, and that the order may have been dated in February by mistake; but, whether this be so or not, it is, to say the least, a very irregular way to provide for poor persons.

Now, it is apparent that the several orders designating the families to be treated by the plaintiff were not issued in pursuance of the judgment of a majority of the trustees. They were not even issued upon any knowledge which the trustee who filed the blanks had of the necessity for such treatment, for it appears he filled in names of such persons and families as were sent to him by the plaintiff.

It is not at all singular, then, that the trustees did not certify that the claim was correct. They did not know that it 2.——: duties of township trustees cannot be delegated. was correct. The township trustees have certain duties to perform in regard to relief to the poor, in determining who are entitled to be relieved at the public expense, that they cannot delegate to physicians or any other persons. As an example of how this service

was performed, we will here quote part of the testimony of the trustee who filled up the separate orders.

"*Question.*—They (the trustees) met together and signed all these orders in blank at that time; after that, these orders were left signed in blank by the trustees in your hands, and when Dr. Sloan would send a letter to you telling that such a person needed aid, and for you to fill up an order and send it to him, you would fill up that order?

*Ans.*—Yes.

*Ques.*—And that was the way in which it was determined he needed aid?

*Ans.*—Yes, sir.

*Ques.*—And that was the only way so far as you know?

*Ans.*—Yes, sir."

And there is another and a very cogent reason why the trustees could not certify that the claim was correct. It appears that for years physicians have been giving medical attention to the families of miners at the same place for one dollar a month for a family; and, at the time of the trial in the court below, the plaintiff was attending some of the miners' families for that compensation, and had been so attending them for more than a year. It is true, the one dollar a month is to be paid, whether there be any need of medical attention in the family or not. Now, it does not appear that there was any great emergency at the time this service was performed. It does not appear that any epidemic prevailed among the miners. The record merely shows that the plaintiff undertook to prepare certain orders, by which he might make up a record which would bind the county to pay him for his services to the poor, according to a fee bill adopted by physicians in that county, by which he claims he earned $376.50 in eighteen days, for medical attention and medicine for the poor of one township.

It is not strange that the trustees did not certify that the bill was correct.

It is true, the plaintiff testifies that he believed, when the

orders were returned to him with the blanks filled, that all of the trustees had been consulted in regard to each order. And the court instructed the jury that, as the orders were signed by all the trustees, they were *prima facie* acts of all the trustees, and if the plaintiff acted in this belief he was entitled to recover. We do not say that the plaintiff may not have been imposed upon in this way.

What we do determine is that he should have had the trustees, or a majority of them, certify that his account was correct.

It is urged by council for appellee that the board of supervisors have waived the defect in the certificate, and *Collins v. Lucas County*, 50 Iowa, 448, is cited as sustaining the claim of a waiver. In that case it was held that it was competent for the board to waive the certificate, if satisfied of the truth of all that the certificate would show. And it was held that it was waived, because the record not only failed to show that any objection was made to the bill on the ground that it was not properly certified, but the defense was placed expressly on other grounds.

3. ——: bills for aid to: defective certificate: evidence.

In this case, the defect in the certificate is directly put in issue by the denial of all the allegations of the petition, one of which was that the bill was properly certified when presented to the board of supervisors. We think the court should have sustained the objection of the defendant to the introduction of the claim in evidence, because it was not properly certified.

REVERSED.