J. A. RUAN, Appellant, v. MAHASKA COUNTY.

**Public health:** CONTAGIOUS DISEASE: RECOVERY FOR SUPPLIES: STATUTE.
1 The statute providing that a written order from the local board of health, designating the person employed to furnish supplies or services to anyone afflicted with a contagious disease, shall be issued before the services or supplies are furnished, and shall be attached to the bill when presented for payment is mandatory, a failure to procure which will defeat recovery.

**Same:** CERTIFICATION OF BILL FOR SUPPLIES. The signing of their
2 names by the township trustees on the back of a bill for services or supplies, furnished a person afflicted with a contagious disease, is not a certification of the same to the board of supervisors as is required by statute.

*Appeal from Mahaska District Court.*—HON. JOHN F. TALBOT, Judge.

THURSDAY, OCTOBER 24, 1912.

THE facts are stated in the opinion.—*Affirmed.*

*Dan Davis* and *McCoy & McCoy,* for appellant.

*J. G. Patterson,* for appellee.

SHERWIN, J.—The appellant was the duly appointed general health physician of the township of Garfield, appointed by the township trustees about the 1st of April, 1911. On the 8th day of April, 1911, he was directed by Wilford Hull, chairman of the board of trustees, to attend a family that was afflicted with diphtheria. He did render professional service to said family by virtue of said direction, and duly presented his bill for such service to

the township trustees, who allowed the same, and it was thereafter presented to the board of supervisors of the county for payment. It was not allowed by the board of supervisors, and thereafter suit was brought to enforce payment of the same. Trial was had in the district court upon the agreed statement of facts, and judgment rendered against the appellant. There is no controversy over the amount that should be paid, if the county is liable at all. The facts are that at the time of the employment of the appellant by Mr. Hull the township trustees had held no meeting at which it was determined that the family in question should be quarantined, or that it was a proper subject for public assistance, and, as we understand the record, there never was a quarantine. No written order authorizing the appellant to furnish such service was issued until after the service had been rendered. The only approval and certification of appellant's bill by the township trustees was by signing their names on the back thereof, accompanied by the oath of the township clerk that the same was just and true and wholly unpaid.

Chapter 156, Acts of the 33d G. A., repealed several sections of the Supplement to the Code of 1907, and among other provisions enacted the following: "All bills for supplies furnished and services rendered by order of the mayor or township clerk as herein provided, . . . or for persons financially unable to provide for their sustenance and care, shall be allowed and paid for only" on a certain basis therein specified. And then it is provided that "all services and supplies furnished to individuals or families under the provisions of this section must be authorized by the local board of health, or by the mayor or township clerk acting under standing regulations of such local board, and a written order therefor designating the person or persons employed to furnish such service or supplies, issued before said service or supplies

1. Public health: contagious disease: recovery for supplies: statute.

were actually furnished, shall be attached to the bill when the same is presented for audit and payment." It is further provided in said chapter: "All bills and expenses incurred in carrying out the provisions of this section . . . shall be filed with the clerk of the local board of health. This board at its next regular meeting or special meeting called for the purpose, shall examine and audit the same and, if found correct, approve and certify the same to the county board of supervisors for payment." It is very evident that the requirement that a written order for the performance of the service, issued before said services are actually furnished, is a mandatory requirement placed in the law for the protection of the public funds. It is a new provision in the law, clearly put there for a purpose. Were we to construe it as the appellant contends it should be construed—that is, that the order may be issued at any time—so long as it is finally filed with the county, we would have to annul the section by disregarding plain and unambiguous language, and this we have no authority to do. It is a simple requirement which can easily be complied with, if the proper officers pay any attention to the requirements of the law in these cases. No reason is shown why it could not have been complied with in this case, and we are of the opinion that the trial court correctly held that there was such a disregard of the statute in this respect as to defeat recovery.

Nor was the mere signing of their names by the trustees on the back of the bill a certification of the same to the board of supervisors. *Mansfield v. Sac County,* 60 Iowa, 11; *Sloan v. Webster County,* 61 Iowa, 738.

2. Same: certification of bill for suppies.

Other reasons why the judgment of the district court should be affirmed are given by the appellee, but, in view of our conclusion on the points discussed herein, we need not determine the other question. The judgment is—*Affirmed.*