[Crim. 139.   Department Two.—December 8, 1896.]

## THE PEOPLE, RESPONDENT, *v.* WALTER HORACE ROSS, APPELLANT.

CRIMINAL LAW—APPEAL—REVIEW OF EVIDENCE—CREDIBILITY OF TESTIMONY—PROVINCE OF JURY.—Where there is some evidence to sustain a verdict of conviction on every essential point, it is peculiarly within the province of the jury to determine the credibility of the prosecuting witness, and, unless the appellate court can plainly see that the verdict could only have been rendered through passion or prejudice, it will not disturb the verdict, although it is plausibly urged that the story told by the prosecuting witness is grossly improbable, and that the witness made contradictory statements both in and out of court, and was contradicted by other witnesses.

ID.—REJECTION OF EVIDENCE—ERROR CURED BY SUBSEQUENT ADMISSION.—Any error committed in the sustaining of an objection to questions asked of a witness is cured, where the witness was subsequently recalled, and, without objection, testified fully in regard to the matter.

ID.—READING PRELIMINARY EXAMINATION TO PROSECUTING WITNESS.—Where the prosecuting witness has disappointed the prosecution in his testimony to a different state of facts from that testified to at the preliminary examination, it is not error for the court to permit the prosecution to read to him what he testified to at the preliminary examination, and the court may ask him whether his former statement was correct.

ID.—ROBBERY—DEGRADED CHARACTER OF PROSECUTING WITNESS—INSTRUCTION.—Upon the trial of a charge of robbery committed by the defendant upon the person of a female inmate of a house of prostitution, where there was no evidence impeaching the reputation of the prosecuting witness other than her degraded character, and evidence of her contradictory statements, it is not error prejudicial to the defendant to instruct the jury that there was no evidence directly assailing her character as a truthful person, but that the common experience of mankind is, that there is rarely found united in the character of persons as degraded as she is any regard for truth; though it does not follow that because she is so degraded she is for that reason not to be believed, and her testimony entirely disregarded.

ID.—DISSOLUTE LIFE—ADMISSIONS OF COUNSEL.—It is not error for the court, in instructing the jury, to speak of the prosecuting witness as leading a dissolute life, where the evidence establishes that fact without conflict, and the court bases its statement upon admissions made by defendant's counsel in his address to the jury.

ID.—FLIGHT OF DEFENDANT—QUESTION FOR JURY.—Where there is evidence adduced by the prosecution under the claim that the defendant fled from arrest, it is proper to instruct the jury that they may consider that fact, if they believe that he did flee from the officer; that the flight of a person suspected of crime is a circumstance to be weighed by the jury as tending in some degree to prove a consciousness of guilt, and is entitled to more or less weight, according to the circumstances of the particular case; and if proved, it is a circumstance for the jury to look at, and give it just such weight as they think, under all the circumstances of the case, it is entitled to.

ID.—REASONABLE DOUBT — INSTRUCTION NOT MISLEADING. — Where the court, after giving the usual and accepted definition of reasonable doubt, stated to the jury that a reasonable doubt "is the doubt that arises out of a consideration of the testimony; a doubt that is supported by reason, and not by mere conjecture or idle supposition, irrespective of evidence in the case," and that they were to be "morally satisfied beyond a reasonable doubt—not wholly satisfied, absolutely satisfied, and beyond all possible doubt—but morally satisfied beyond all reasonable doubt," the phrase, "not wholly satisfied," cannot be misleading, in the context in which it occurs, nor could the instruction be understood as directing the jury to disregard their own judgment founded upon their experience in life.

ID. — PRIOR CONVICTION — ADMISSION — ARRAIGNMENT — PRESUMPTION—READING OF INFORMATION.—Where the record shows that a charge of prior conviction was admitted by the defendant, and also shows that the information was read to the defendant on the arraignment, and no exception appears to have been taken to the failure of the record to show affirmatively whether the clerk read that part of the information relating to the former conviction, it must be presumed that it was properly read.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WILLIAM T. WALLACE, Judge.

The main facts are stated in the opinion of the court. The court, after giving to the jury the usual and accepted definition of reasonable doubt, added the following: "A reasonable doubt is the doubt that arises out of a consideration of the testimony; a doubt that is supported by reason, and not by mere conjecture or idle supposition, irrespective of evidence in the case. You are to be satisfied beyond a reasonable doubt—not

wholly satisfied, absolutely satisfied, and beyond all possible doubt—but morally satisfied beyond all reasonable doubt." The court gave the following instruction relative to the flight of the defendant: "The question of the weight of the testimony belongs entirely to you. There is evidence brought here by which the prosecution claim that the prisoner fled from arrest; you may consider the fact of his flight, if you believe that he did flee from the officers. 'The flight of a prisoner suspected of crime is a circumstance to be weighed by the jury as tending in some degree to prove a consciousness of guilt, and is entitled to more or less weight according to the circumstances of the particular case.' If proven here, it is a circumstance for you to look at, and to give it just such weight as you think, under all the circumstances of the case, it is entitled to. If you believe he did flee upon the pursuit of the officers, that is a circumstance before you, along with the balance of the testimony in the case, the significance or insignificance of which is to be judged of by you."

*Carroll Cook,* for Appellant.

The judgment ought to be reversed, as the entire testimony of the prosecuting witness evidences the improbability of her story. (*People* v. *Hamilton,* 46 Cal. 540; *People* v. *Benson,* 6 Cal. 221; 65 Am. Dec. 506; *People* v. *Ardaga,* 51 Cal. 371.) The court erred in sustaining the objections to the questions asked witness Wynn. (Code Civ. Proc., secs. 2051, 2052; *People* v. *Lee Ah Yute,* 60 Cal. 95; *Silvey* v. *Hodgdon,* 48 Cal. 185; *Valensin* v. *Valensin,* 73 Cal. 106.) The court erred in permitting a witness for the prosecution to have his memory refreshed by the reading to him of certain testimony given at the preliminary examination of the case. (Code Civ. Proc., sec. 2047; 1 Greenleaf on Evidence, sec. 444 *a; People* v. *Jacobs,* 49 Cal. 384; *Commonwealth* v. *Welsh,* 4 Gray, 535; *People* v. *Doyell,* 48 Cal. 90; *Morris* v. *Lachman,* 68 Cal. 109.) Contradictory testimony is evidence tending to assail and impeach the

character of a witness, as being a truthful person. (Code Civ. Proc., secs. 1847, 2051, 2052, 2061; *People v. Webster,* 111 Cal. 381.) The instruction of the court to the jury in regard to the flight of defendant, in the light of the testimony offered by the prosecution, was erroneous. (Const., art. VI, sec. 19; Code Civ. Proc., sec. 2061; Pen. Code, sec. 1093.) The court erred in its instruction upon "reasonable doubt" in telling the jury that they need not be "wholly satisfied," and that "a reasonable doubt is the doubt which arises out of the consideration of the testimony; a doubt that is supported by reason and not by mere conjecture or idle supposition, irrespective of evidence in the case." (*People v. Bemmerly,* 87 Cal. 120.) It was error to instruct the jury that if they found the defendant guilty of robbery merely they should render a verdict of guilty as charged, as there was an issue of a prior conviction which was not supported by any evidence. (*People v. Delany,* 49 Cal. 394; Pen. Code, secs. 666, 667, 1093, 1158.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

It is for the jury in a criminal case to determine whether evidence introduced upon a given point amounts to proof of the fact sought to be proved. (*People v. Strong,* 30 Cal. 151; *People v. Lowen,* 109 Cal. 381; *People v. Dick,* 32 Cal. 214; *People v. Ybarra,* 17 Cal. 171; *People v. Ah Fung,* 17 Cal. 377; *People v. Dick,* 34 Cal. 663; *People v. Sansome,* 98 Cal. 235; 1 Chitty's Criminal Law, 528; *People v. Estrada,* 53 Cal. 601; *People v. Manning,* 48 Cal. 335; *People v. Wong Chong Suey,* 110 Cal. 117; *People v. St. Clair,* Cal., March 17, 1896; *Lick v. Madden,* 36 Cal. 213; 95 Am. Dec. 175.) There was no error in the charge to the jury. (*People v. Chun Heong,* 86 Cal. 330; *People v. Shaughnessy,* 110 Cal. 598; *People v. Clark,* 84 Cal. 573; *People v. Turcott,* 65 Cal. 126.)

TEMPLE, J.—Having been convicted of the crime of robbery and sentenced to the penitentiary for the term

of twenty-five years, the defendant appeals from the judgment and from an order refusing a new trial.

He was accused of robbery committed upon the person of one Grace Walls, in a house of prostitution in San Francisco.

1. The first point made is that the evidence does not sustain the verdict. It is not claimed that there was not some proof of every essential fact, but the contention is that the story told by the prosecuting witness is grossly improbable; that she made contradictory statements both in her testimony and out of court, and that she was contradicted by other witnesses. There is some plausibility in all these claims, but they are matters peculiarly in the province of the jury. We should not interpose unless the matter is so plain that one can see that the verdict could only have been rendered through passion or prejudice. This is not such a case.

2. If there was error in sustaining an objection made by the prosecuting attorney to the question asked the witness Wynn, that error was cured, for the witness was recalled, and, without objection, testified fully in regard to the matter.

3. The prosecution read to its own witness a portion of his testimony given at the preliminary examination, in which he testified to a different state of facts to that stated upon the trial. This was objected to, and the court, somewhat impatiently perhaps, overruled the objection, and asked the witness if his former testimony refreshed his memory as to the fact, and whether his former statement was correct. I see no objection to this course. It is not the case of refreshing the memory of a witness at all, and no doubt the accidental use of the word "refresh" by the judge suggested the point. It is the ordinary case in which a witness has disappointed the party calling him and is confronted with his former statements and asked to explain them.

Many exceptions are taken to the charge of the court.

1. In the course of its charge the court said: "There has been no evidence brought here that I have heard

that directly assails her reputation or character as being a truthful person." It is said that this ignores the testimony as to her degrading occupation, and the evidence of contradictory statements made out of court. This criticism is hardly fair. It ignores the qualifying word "directly," and also the balance of the same sentence from which the quotation was made, which is: "The common experience of mankind is that there is rarely found united in the character of persons as degraded as she is any regard for truth; it does not, however, follow that because she is the degraded woman that she is admitted to be, she is for that reason alone not to be believed, and her testimony entirely disregarded." Much more to the same effect was said by the judge. There was no error here to the prejudice of the defendant.

2. Several expressions are quoted from the charge in which the defendant is mentioned as leading a dissolute life.

In the instructions these sentiments are mentioned as admissions or statements made by counsel for the defense in his address to the jury. If the propositions were admitted by counsel and the case submitted on that basis, there was nothing wrong about it. I have no doubt such was the case; at all events the contrary does not appear. The evidence would fully justify the jury in so concluding, but would not authorize the positive statement by the judge. I do not think error is shown here.

2. I fail to see anything erroneous or which could prejudice the defendant in the remarks in regard to flight as a circumstance from which the jury could infer guilt.

3. In the definition of what constitutes a reasonable doubt, the court told the jury that they need not be "wholly satisfied." I do not think the new phrase inserted in the stereotyped definition an improvement, but in the context it could not mislead.

4. Nor do I think the defendant was injured by the statement that "the doubt must be supported by reason

and not by mere conjecture and idle supposition irrespective of evidence in the case." This could not have been understood as directing them to disregard their own judgments founded upon their experience in life, but quite the contrary.

The two points founded upon the assumption that there was no verdict upon the issue as to prior conviction is not borne out by the record as corrected on a suggestion of a diminution. It shows that the prior conviction was admitted. The record does not show that the clerk read to the jury that part of the information relating to the former conviction. The minutes merely show that the information was read. No exception was taken to this on the arraignment, and we must presume it was properly read.

The judgment and order are affirmed.

McFarland, J., and Henshaw, J., concurred.