[L. A. No. 369.     Department One.—May 31, 1898.]

# DAVID HIRSHFELD, Respondent, v. A. WEILL et al., Appellants.

JOINT VENTURE—AGREEMENT TO DIVIDE PROCEEDS—FUND HELD BY BANK—INDEBTEDNESS BETWEEN PARTIES NOT PAYABLE.—Where a partnership firm and three other individuals were jointly interested in a business venture, and its proceeds, consisting of checks, drafts, bills, and notes, were deposited with a bank for collection, under an agreement that one-fourth of the surplus proceeds should be paid by the bank to the firm and one-fourth to each of the other individuals, the bank, as the party holding the fund, is bound to pay the share agreed upon to each of the parties, and the fact that two of the other individuals are indebted to the firm, cannot authorize it to control their shares of the fund, or to require the application of their shares to reduce such indebtedness.

ID.—SETOFF INAPPLICABLE.—There being no indebtedness of the other parties to the firm, they held nothing upon which the claim of the firm against them could be set off; but the several owners of the fund all stand alike, in relation thereto, and each can compel the bank to pay its share, without reference to any indebtedness of some of the parties to any other of them.

PLEADING—COMPLAINT—JOINT DEMURRER.—Where a general demurrer to a complaint is joint, it is properly overruled, if the complaint states a cause of action against any of the defendants.

ID.—MISJOINDER OF PARTIES—ERROR WITHOUT PREJUDICE.—An order overruling a demurrer to the complaint for misjoinder of parties defendant does not constitute reversible error, where it is plain that no rights of the defendants have been prejudiced thereby, although there is united with some defendants another against whom no liability is alleged or recovery sought.

· APPEAL from a judgment of the Superior Court of Kern County. A. R. Conklin, Judge.

The facts are stated in the opinion of the court.

J. W. Ahern, for Appellants.

The jurisdiction of equity is more extensive than in actions at law. (*Hobbs v. Duff*, 23 Cal. 596, 627.) Equity will compel a setoff when it is impossible for the party claiming it to obtain satisfaction of his claim by an ordinary action. (*Russell v. Conway*, 11 Cal. 93; *Duff v. Hobbs*, 19 Cal. 659; *Hobbs v. Duff, supra; Lyon v. Petty*, 65 Cal. 324.)

T. M. McNamara, and Wal. J. Tuska, for Respondent.

The joint demurrer was properly overruled. (*Asevada v. Orr*, 100 Cal. 293.) There can be no setoff between plaintiff and part of the defendants. Setoff must be in favor of all the defendants. (*Hook v. White*, 36 Cal. 299.) There can be no setoff against the assignee of a demand. (*Lockwith v. Beckwith*, 72 Am. Dec. 69; *United States Bung Mfg. Co. v. Armstrong*, 34 Fed. Rep. 94; Code Civ. Proc., sec. 438.) The bank was the trustee of each of the parties, and was responsible directly to each of them, or to their assignee. (Civ. Code, secs. 2216–19.)

GAROUTTE, J.—This appeal presents questions arising upon a judgment-roll not containing a bill of exceptions. There are many defendants in the action, and they filed a joint demurrer claiming that the complaint did not state facts sufficient to constitute a cause of action, and also claiming that there was a misjoinder of parties defendant. The general demurrer being joint, if a cause of action be stated against any of the defendants it was properly overruled. (*Azevado v. Orr*, 100 Cal. 293.) The court there said: "So, also, a joint demurrer by all of the defendants must be overruled if the complaint is good against either of them." It is here conceded that a cause of action is stated against some of the defendants. Again, in speaking of a misjoinder of parties defendant, the court in the above case said: "A complaint is not necessarily defective in which there is united with some defendants another against whom no liability is alleged

or recovery sought, and an order overruling a demurrer for mis-joinder of parties defendant does not constitute a reversible error if it can be seen that the rights of the parties have not been prejudiced." We deem it plain that no rights of the de-fendants have been prejudiced by the action of the trial court in overruling the demurrer to the complaint as to a misjoinder of parties.

Weill & Alexander (partners), Elliott, Davis, and Miller were jointly interested in a business venture from which was received as proceeds thereof various checks, drafts, bills, and notes. As to the disposition of these evidences of indebtedness, etc., the trial court made the following finding of fact: "That by and with the consent of the defendants John A. Miller and T. J. Davis, and for the mutual benefit of the said John A. Miller, T. J. Davis, Weill & Alexander, and E. E. Elliott, the said drafts, orders, notes, and duebills were received from said tenants by the de-fendants Weill & Alexander and E. E. Elliott and by them placed in the custody and possession of the defendant, the Kern Valley Bank, for collection, with the understanding that the said Kern Valley Bank should collect the same, and from the proceeds thereof pay" expenses of collection and certain other named in-debtedness, and out of the surplus "pay to the defendants Weill & Alexander one-quarter share thereof, to the defendant John A. Miller one-quarter share thereof, and to the defendant T. J. Davis one-quarter share thereof." The court further found that the bank accepted the trust, made the collections, paid the amount due as expenses of collection and the other named indebtedness, and held a surplus of three thousand seven hundred and fifty-one dollars and ninety-two cents, one-half of which it refused upon demand to pay this plaintiff, assignee of Davis and Miller.

Both Davis and Miller were indebted to Weill & Alexander at the time they assigned their interest in the fund to this plaintiff. And it is now claimed that this indebtedness of Davis and Miller should be allowed in favor of Weill & Alexander, and that plain-tiff's interest in the fund held by the bank should be reduced to that extent. We are unable to call to mind any principle of law that would justify such application of the fund. It is not Weill & Alexander who own or control the fund held by the bank. Again, they are not indebted to Davis and Miller, the

assignors of plaintiff. These owners of the fund all stand alike, and the bank is the party holding the fund, and bound to pay it to the parties entitled, as theretofore agreed upon. The court below has taken this view of the litigation, and upon these facts has rendered a money judgment against the bank alone. It necessarily follows that the indebtedness of Davis and Miller to Weill & Alexander could not be set off in this action. They had no valid claim against Weill & Alexander, and, consequently, held nothing upon which Weill & Alexander's claim against them might be set off.

For the foregoing reasons the judgment is affirmed.

Van Fleet, J., and Harrison, J., concurred.