### THE STATE OF KANSAS v. JOHN OTTEN.
**No. 564.\***   (59 Pac. 380.)

1. INTOXICATING LIQUORS—*Instructions.* The instructions complained of set forth. *Held*, that they fully state the law.

2. —————— *Information—Evidence—Nuisance.* Where a defendant is charged in three counts, the first and second for the unlawful selling of intoxicating liquor, and the third for maintaining a nuisance, *held*, that the evidence introduced under the first and second counts was proper for the consideration of the jury on the third (or nuisance) count.

Appeal from Allen district court; L. STILLWELL, judge. Opinion filed December 22, 1899. Affirmed.

*G. R. Gard*, county attorney, *G. A. Amos*, and *Travis Morse*, for The State.

*Oscar Foust & Son*, for appellant.

The opinion of the court was delivered by

SCHOONOVER, J. : The defendant in this case is charged with violating the prohibitory liquor law. The indictment against him contains three counts. The first two charge unlawful sales; the third, the keeping and maintaining a nuisance. The defendant moved the court to quash the indictment, which motion was overruled. While the case was being argued to the jury, the attention of the court was called to the fact that the second count did not contain the name of the defendant, and thereupon the court withdrew the consideration of this count from the jury. Counsel for appellant contend that the court erred in the instructions given, and say: "It is apparent throughout the entire charge. The state elected to

* Dismissed by supreme court May 5, 1900. See 61 Kan. 862, 60 Pac. 1132.— REP.

rely upon the evidence of certain persons to sustain a conviction on certain counts, as herein set forth; and yet the court in its instructions as to each count says: 'To warrant you in finding the defendant guilty on the ——— count in the indictment, you must be satisfied from the evidence, beyond a reasonable doubt, that at the place and within the time heretofore mentioned the defendant sold intoxicating liquors, to wit, to one ———'; thus leaving the entire evidence in the case to go to the jury to pass upon as to guilt of defendant in each and every count, when the state had elected to rely upon each separate count, on the testimony of the one witness—this, we say, was highly prejudicial to the defendant, and was prejudicial error.''

The instructions given are as follows:

"*Gentlemen of the Jury:* To warrant you in finding the defendant guilty on the first count in the indictment, you must be satisfied from the evidence, beyond a reasonable doubt, that in Allen county, Kansas, and during the two years next preceding the filing of the indictment in this case, which was on the 25th day of June, 1898, the defendant sold intoxicating liquor as testified to by the witness George Bedell on the trial of this case.

''To warrant you in finding the defendant guilty on the second count in the indictment, you must be satisfied from the evidence, beyond a reasonable doubt, that at the place and within the time aforesaid the defendant made a sale of intoxicating liquor as testified to by witness Brock Reed on the trial of this case.

''To warrant you in finding the defendant guilty on the third count in the indictment, you must be satisfied from the evidence, beyond a reasonable doubt, that the place as described in said third count in the indictment was, during some of the time specified in that count, which would be between the 1st day of January, 1898, and the 23d day of June, 1898, a place

The State v. Otten.

where intoxicating liquors were kept for sale and use as a beverage; that persons were permitted to resort to said place for the purpose of drinking intoxicating liquors as a beverage, and that the defendant was the keeper of said place.

"You are further instructed that the liquid popularly and commonly called 'beer' is presumed to be intoxicating, in the absence of evidence to the contrary.

"As regards the first two counts in the indictment, you are instructed that the precise time as to when these alleged offenses may have been committed, if such were the case, is not a material matter. The state is neither required to allege nor prove the precise time of the alleged commission of said alleged offenses. It is sufficient in that regard, as regards the said two counts, that the offenses complained of were committed during the next two years prior to the filing of the indictment in this case, and which was on the 25th day of June, 1898. And with reference to the question of time as it may affect the third count in the indictment, it is sufficient in that regard if the evidence shows that the offense complained of was committed any time between the 1st day of January, 1898, and the 23d day of June, 1898, that being the time specified and named in the third count in the indictment.

"You are further instructed that any person who knowingly counsels, aids or abets in the commission of any alleged offense may be charged, tried and convicted in the same manner as if he were a principal. Therefore, as regards the first two counts in the indictment, which charge the defendant with having sold intoxicating liquors in violation of law, you are instructed, if you should believe from the evidence, beyond a reasonable doubt, that intoxicating liquors were sold as I have heretofore indicated in these instructions, and if you should further believe from the evidence beyond a reasonable doubt that the defendant knowingly and intentionally aided or abetted in the commission of said alleged sales, then you would be warranted in finding him guilty the same as if he

were a principal; or, in other words, if you should believe from the evidence, beyond a reasonable doubt, that the defendant procured and kept intoxicating liquors in the building of which he was the keeper or proprietor, that he so procured and kept them for the purpose of selling them for use as a beverage, and, thereupon, some person or persons in his employ, or acting under his control or authority, sold them for that purpose, then, and under those circumstances, you would be warranted in finding him guilty the same as if he personally sold the said intoxicating liquors. And as regards the third count in the indictment, if you should believe from the evidence, beyond a reasonable doubt, that the place described in said count in the indictment was a place of which the defendant was the keeper or proprietor, and he knowingly and intentionally permitted intoxicating liquors to be kept in said building for the purpose of having them sold as a beverage, and that, with his knowledge and consent, persons in his employ, or acting under his authority or direction, sold or dispensed intoxicating liquors for use as a beverage, then and under those circumstances, if they exist, you would be warranted in finding him guilty the same as if he were a principal. What the facts may be in that regard, or what the facts may be with reference to any other issue in the case, you are to determine from the testimony in the cause.

"The defendant is presumed to be innocent until the contrary is proved—innocent of the offense charged and of each and every essential ingredient of said offense. If there is a reasonable doubt whether his guilt has been satisfactorily shown, he must be acquitted.

"The inquiry naturally arises, What is a reasonable doubt? It is not mere possible doubt, because everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt. A reasonable doubt is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in

that condition that they cannot say that they feel an abiding conviction to a moral certainty of the truth of the charge ; that is, to a certainty that convinces and directs the understanding, and satisfies the reason and judgment of those who are bound to act conscientiously upon it.

"You are the exclusive judges of the facts in the case, the weight of the testimony, and the credibility of the witnesses. In determining the weight to be given to the testimony of the different witnesses in the case, you are authorized to take into consideration their relationship (if any) to any of the parties interested in the result of the suit, the interest or lack of interest of any of said witnesses in the result of the suit, their temper, feeling, and bias, if any has been shown, their demeanor while testifying, and, in general, you will give such credit to the testimony of each witness as, under all the evidence, facts and circumstances in the case, such witness seems to be entitled to. You have the right to weigh every portion of the testimony of every witness and to give to each portion of the testimony just such consideration as it is entitled to, considering all the facts and circumstances of the case."

The instructions fully state the law. The appellant was acquitted on the first and second counts and convicted upon the third (or nuisance) count. The evidence introduced under the first and second counts was proper for the consideration of the jury upon the third or nuisance count. There is no error of which the appellant can complain.

The judgment of the district court is affirmed.