[Civ. No. 178. First Appellate District.—March 5, 1906.]

AMBER WILKERSON, Respondent, v. IRA P. WILKER-
SON, Appellant.

DIVORCE—PLEADING—OVERRULING DEMURRER—FINDING FOR DEFEND-
ANT.—In an action for a divorce, the overruling of a demurrer on
the ground of uncertainty to one of several causes of action stated
is without prejudice to the defendant, if the court finds in his
favor on that cause of action.

ID.—ADULTERY—CERTAINTY IN PLEADING.—In an action for a divorce on
the ground of adultery, the complaint should charge the offense
with such reasonable certainty as to time, place and person that
the defendant may know the charge that he is called upon to meet.
If the name of the person with whom the adultery was committed
be known, it should be stated; if the name be unknown, that fact
should be stated.

ID.—SUFFICIENCY OF PARTICULARITY.—A complaint for divorce on the
ground of adultery, which charges the defendant with a series of
adulteries with the same unknown person, at four specified cities,
during a period of about two and one-half months, is sufficiently
definite to enable the defendant to prepare his defense, although
neither the name of the adulteress nor the particular place, house
or locality where the adulteries were committed are alleged.

ID.—RESIDENCE OF PLAINTIFF.—On a review of the evidence, *held* that
it is sufficient to support the finding that the plaintiff was a resi-
dent of this state for more than one year next prior to the com-
mencement of this action.

APPEAL from an interlocutory decree of the Superior
Court of the City and County of San Francisco granting a
divorce, and from an order refusing a new trial. Frank J.
Murasky, Judge.

The facts are stated in the opinion of the court.

A. S. Newburgh, for Appellant.

Lent & Humphrey, for Respondent.

HALL, J.—This is an appeal from an interlocutory decree
of divorce awarded plaintiff, as well as an appeal from the
order denying defendant's motion for a new trial.

The only points presented by the appeal relate to the action of the court in overruling defendant's demurrer to plaintiff's amended complaint, and to the sufficiency of the evidence to support the finding that plaintiff had been a resident of this state for one year next prior to the commencement of this action. In the amended complaint plaintiff, upon her information and belief, charges the defendant with having committed adultery with one Jane Doe at divers times between the sixteenth and twenty-fourth days of December, 1902, at the city of Seattle in the state of Washington. It is alleged that the true name of the said Jane Doe is unknown to plaintiff. It is next charged that defendant committed adultery with the same person on the twenty-ninth day of December, 1902, at the town of Ellensburg in the state of Washington. Also it is charged that he committed adultery with the same person at the city of Spokane, state of Washington, at divers times between the twenty-ninth day of December, 1902, and the fourth day of January, 1903; and that at divers times between the twelfth day of January, 1903, and the twenty-eighth day of February, 1903, he committed adultery with the same person at the city and county of San Francisco. There is also a charge made, upon information and belief, that defendant committed adultery with one Jane Roe (whose true name is alleged to be unknown to plaintiff) at the city and county of San Francisco between the seventeenth day of March, 1903, and the seventh day of April, 1903. These separate charges of adultery are set forth in separate paragraphs numbered from 3 to 7. Defendant demurred for uncertainty as to the allegations of adultery in these several paragraphs, in this, that neither the name of the person with whom, nor the particular place, house, or locality where, the adultery was committed are given, and that the several charges are not stated with reasonable certainty as to time, place and persons, so as to enable the defendant to prepare to meet the same at the trial. The demurrer was overruled, defendant answered, denying the several charges, and the court separately found the defendant guilty of each of the charges of adultery with Jane Doe, and ascertained at the trial and stated in the findings her true name (but which we omit). The court found the defendant not guilty of the charge of adultery with Jane Roe, so defendant could not have been prejudiced by the ruling of

the court on the demurrer as to the uncertainty of that particular charge, which leaves for consideration the sufficiency of the charges of adultery with Jane Doe. (*Stephenson* v. *Deuel,* 125 Cal. 660, [58 Pac. 258] ; *Holland* v. *McDade,* 125 Cal. 356, [58 Pac. 9] ; *Alexander* v. *Central Lumber etc. Co.,* 104 Cal. 536, [38 Pac. 410] ; *Hirshfeld* v. *Weil,* 121 Cal. 13, [53 Pac. 402] ; *Jager* v. *California Bridge Co.,* 104 Cal. 542, [38 Pac. 413] ; *Williams* v. *Casebeer,* 126 Cal. 77, [59 Pac. 380].)

It is undoubtedly the general rule that adultery should be charged with such reasonable certainty as to time, place, and person that the defendant may know the charge that he is called upon to meet. If the name of the person with whom the adultery was committed be known it should be stated; if the name be unknown that fact should be stated. The time and place of the offense should be alleged with such particularity as to enable the defendant to prepare his defense. With these general principles in mind we will examine this complaint. It must be conceded that it cannot be considered as a model of good pleading. Plaintiff excuses the failure to allege the name of the paramour by alleging that it was unknown to her, but no reason is given why she does not name or otherwise describe the particular places or houses where the offenses were committed. But though this complaint is not a model to be commended, yet it does not follow that it did not give defendant sufficient information to enable him to make his defense. In determining this question we are not confined to an examination of each charge separately, but may take the complaint as a whole, and the several charges may be correlated with one another. From the several charges in the complaint it appears that defendant was charged with adulteries committed with the same person, at Seattle, at Ellensburg, at Spokane and at San Francisco, and all during a time commencing with the 16th of December, 1902, and ending with February 28, 1903. The period during which the adulteries took place at Seattle was between the 16th and 24th of December, 1902; at Ellensburg on the twenty-ninth day of December, 1902; at Spokane between December 29, 1902, and January 4, 1903, and at San Francisco between January 12 and February 28, 1903. From this history it is inconceivable that defendant did not know the identity of the person with whom he was charged with having committed

adultery. He was in effect charged with a course of adulter-
ous intercourse with a certain person covering about two and
one-half months in time, and in four different towns and cities;
the particular periods of time in which he was at the several
towns or cities being stated within very narrow limits. It
seems to us quite certain that from the circumstances de-
tailed in the complaint defendant was informed of the
identity of the alleged paramour, and had sufficient informa-
tion of the circumstances of the charge made against him to
enable him to prepare his defense. The court, therefore, did
not err in overruling defendant's demurrer.

We now take up the question as to the evidence touching
the residence of the plaintiff. It is not disputed that both
the plaintiff and defendant did actually reside in this state,
in the sense that they were bodily present in the state, for
more than one year prior to the commencement of the action,
but it is insisted that the evidence fails to show that plaintiff
was in point of law a resident of this state for that time; that
it fails to show that her domicile was in this state during
that period. The record shows that plaintiff and defendant
were married at Kansas City, Missouri, December 27, 1890.
Plaintiff and defendant are theatrical people; that is to say,
plaintiff is an actress and defendant an actor. They came
to San Francisco April 4, 1902, and have both been here
ever since, save that defendant for a short time visited Oregon
and Washington on a business trip. The complaint was filed
August 14, 1903, more than one year and four months after
plaintiff and defendant came to this state. Prior to coming
to this state they resided in a rented flat in New York. When
they left New York they left their furniture in the flat, and
plaintiff testified that she kept the flat until October, 1902,
and then gave it up and stored her furniture in New York.
On direct examination plaintiff testified that she had resided
in the city and county of San Francisco continuously ever
since the fourth day of April, 1902. (The trial was in
December, 1903.) How long either she or defendant had re-
sided in New York prior to coming to San Francisco does not
appear. They were living there in a rented flat before coming
here. Plaintiff testified that she did not think she ever had
a residence established in New York; that when she came
here she had no idea how long she would remain; that if she
got a position out here she would remain here all her life;

that in the course of her profession she is compelled to visit different cities, and that she has no permanent residence; that her residence is in any town she happens to be in; that she has lived here ever since April, 1902. She gave other testimony also from which it might well be said that her residence was in New York until at least within a period less than a year from the time of commencement of this action. But it is perfectly certain that plaintiff did not come to this state for the purpose of gaining a fictitious residence in fraud of the divorce law either of this state or of New York. The cause for the divorce arose after she came to this state, and part of the offense of the defendant was committed here, and both parties have been living here ever since April, 1902. From a careful examination of the evidence we cannot say that there is no evidence to support the finding of the court as to the residence of plaintiff, and therefore we cannot reverse either the judgment or order because of this finding. (*People* v. *Ross*, 115 Cal. 237, [46 Pac. 1059] ; *Dubois* v. *Spinks*, 114 Cal. 293, [46 Pac. 95] ; *Ruiz* v. *Dow*, 113 Cal. 495, [45 Pac. 867].)

Judgment and order are affirmed.

Harrison, P. J., and Cooper, J., concurred.