[Civ. No. 2798. First Appellate District, Division Two.—July 17, 1919.]

## DAVID CAMERON, Appellant, v. THE CITY OF RICHMOND (a Municipal Corporation), et al., Respondents.

[1] PLEADING—JOINT DEMURRER—WAIVER OF DEFECTS.—In an action against several defendants, a joint demurrer by all of them must be overruled if the complaint is good against any of them.

[2] MUNICIPAL CORPORATIONS—RICHMOND—INCREASE OF SALARIES OF COUNCILMEN — UNCONSTITUTIONAL ORDINANCE.—The duties performed by the members of the council of the city of Richmond in equalizing the value of the property listed on the assessment-rolls are, under the charter of that city, duties imposed upon them by virtue of their status as councilmen; and, therefore, an ordinance providing a given salary per month, in addition to the compensation they are entitled to receive for their services as a board of equalization as fixed by the law at the time of their election, is violative of section 9 of article XI of the state constitution.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge. Reversed.

The facts are stated in the opinion of the court.

David Cameron, *in pro. per.*, and C. S. Hannum for Appellant.

D. J. Hall, M. R. Jones and Creed, Jones & Dall for Respondents.

HAVEN, J.—This is an appeal from a judgment of the superior court in and for the county of Contra Costa in favor of the defendants. The plaintiff sued as a taxpayer of the city of Richmond, a municipal corporation, to obtain a judgment for $13,950 in favor of the city against all of the defendants, except the city of Richmond, which is impleaded as a party defendant, upon an alleged cause of action for money illegally expended and paid to the members of the council of the city of Richmond in monthly payments of $50 each as salary in addition to the compensation they were entitled to receive at the time of their election. Judgment was entered upon an order sustaining a demurrer to the amended complaint after plaintiff had

elected to stand upon his pleading. The mayor of Rich-
mond, its nine councilmen, the city clerk, auditor and
treasurer, together with two ex-members of the council,
were joined with the city of Richmond as defendants. In
substance, it is alleged that the present city officers since
July 1, 1917, have joined in issuing, auditing, and paying
demands on the city treasury for salaries of hold-over
councilmen, and that the former officers, prior to July 1,
1917, and subsequent to August 1, 1915, joined in similarly
paying corresponding demands to those who were members
of the council during that period, namely, the hold-over
councilmen and the two ex-members of the council joined
as defendants. The payments were made pursuant to an
ordinance adopted by the council July 19, 1915, which it
is claimed was invalid, or at least inapplicable to the salaries
of those who were in office at the time of its adoption, as
constituting an increase of compensation of municipal offi-
cers during the terms for which they were elected, in viola-
tion of section 9 of article XI of the constitution of Cali-
fornia.

All the defendants joined in a single demurrer. It was
general and special. The grounds of special demurrer were
misjoinder of parties defendant, and ambiguity, uncer-
tainty, and unintelligibility, in that it cannot be ascer-
tained from the complaint whether or not the plaintiff
claims that the compensation of five dollars per day alleged
to have been paid to defendants was paid to them as mem
bers of the board of equalization or as members of the
council. This last matter is hereinafter discussed in con-
sidering the ruling of the trial court with reference to the
general demurrer. In the matter of misjoinder, it was
stated that E. J. Gerard is improperly joined as a party
defendant with each and every of the other defendants in
said action. In separately lettered paragraphs, the same
statement was made as to each of seven other of the in-
dividual defendants, among whom were the city clerk, and
auditor and the two ex-councilmen. On behalf of the re-
spondents it is argued the demurrer was properly sustained,
for the reason that there is no cause of action stated against
the city clerk, and he was, therefore, an improper party.
[1] "A joint demurrer by all the defendants must be
overruled if the complaint is good against any of them."

(*Asevado* v. *Orr*, 100 Cal. 300, [34 Pac. 779]; *Rogers* v. *Schulenburg*, 111 Cal. 281, [43 Pac. 899]; *Hirshfeld* v. *Weill*, 121 Cal. 13, [53 Pac. 402].) Furthermore, it does not appear on the face of the complaint that the city clerk is not a proper party, nor, indeed, that any of the defendants is improperly joined.

The remaining question necessary for determination is as to whether the ordinance in question is inoperative as to the councilmen who were members of the council at the time of its passage, which is dependent upon whether or not said ordinance increased their compensation after their election and during their term of office, and this question, in turn, is dependent upon whether or not the compensation of five dollars per day to the councilmen while sitting as a board of equalization was paid to them as councilmen.

Section 4, article III, of the charter of the city of Richmond reads as follows: "The Councilmen shall each receive the sum of five dollars for each day while sitting as a Board of Equalization; but no other compensation shall be paid unless the electors, by ordinance proposed and adopted in accordance with Section Two of Article VIII shall otherwise provide." Section 9 of article XI of the constitution of this state reads as follows: "The compensation of any county, city, town or municipal officer shall not be increased after his election or during his term of office."

The argument presented by respondents is that the ordinance passed by the council on July 19, 1915, did not violate the above-recited constitutional provision as to the salaries of incumbent councilmen, because such councilmen were not receiving any salary at the time; that the provision for compensation was compensation to be paid them only while acting in another capacity, i. e., as a board of equalization, and that as no salary was provided for councilmen as such, a salary could be provided without violating the constitutional provision. Reliance is placed upon the case of *Gwynn* v. *McKinley*, 30 Cal. App. 381, [158 Pac. 1059]. We cannot agree that the present case comes within the rule announced in that case. The charter provides that: "The Council shall by ordinance provide for the assessment, levy and collection of taxes, and shall act as a Board of Equalization in equalizing the value of property listed upon the assessment-roll." It further provides that the council-

men shall receive five dollars per day while performing that duty. The councilmen perform the duties of a board of equalization as members of the council. Indeed, if this were not true, and the two offices were independent and distinct, then under section 4 of article IX of the charter, the councilmen could not perform the functions of a board of equalization, because said section of the charter provides that no member of the council shall hold any other municipal office, or hold any other office or employment, the compensation for which is paid out of the municipal money. In the case of *Santa Barbara* v. *Rucker et al.*, 35 Cal. App. 676, [170 Pac. 860], the court said that the duties performed by supervisors as road commissioners were duties imposed upon them by virtue of their status as supervisors, and that an amendment allowing larger compensation for services rendered as road commissioners increased their compensation while in office. [2] So, in the present case, we think the duties performed by the members of the council in equalizing the value of property listed on the assessment-rolls are duties imposed upon them by virtue of their status as councilmen, and that the salary provided to be paid to them while acting as a board of equalization was a salary paid to them as councilmen, and, consequently, the ordinance providing a salary of $50 per month to be paid to them as councilmen increased their salaries during their terms of office, and is, therefore, void as to them. The complaint, therefore, was good as against the general demurrer.

There are certain other matters presented in the briefs, but our conclusions as herein expressed render a discussion of such matters unnecessary.

The judgment is reversed, with directions to the trial court to overrule the demurrer of the defendants.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 15, 1919.

All the Justices concurred.