[Crim. No. 1303. First Appellate District, Division Two.—September 16, 1926.]

## THE PEOPLE, Respondent, v. ALBERT CRAIB, Appellant.

**[1]** CRIMINAL LAW — ROBBERY — RAPE — ADMISSIONS — INSTRUCTIONS. In a prosecution for robbery and rape, it having been admitted that the prosecutrix was raped and robbed, there was no error on the part of the trial court, in its instructions to the jury, to refer to such admissions and to state that it was the duty of the jury to determine all the circumstances of the alleged assault and robbery and to determine whether the defendant participated in either.

**[2]** ID.—PRESENCE OF ERROR—PRESUMPTIONS—APPEAL.—In such prosecution, the appellate court cannot presume error, but it is incumbent upon the appellant to show that error was committed and that it was prejudicial.

---

(1) 16 C. J., p. 950, n. 1, p. 1008, n. 94, p. 1049, n. 82, p. 1050, n. 84.   (2) 17 C. J., p. 213, n. 30, p. 215, n. 34, p. 274, n. 17, 22.

2.  See 8 Cal. Jur. 546.

APPEAL from a judgment of the Superior Court of San Mateo County and from an order denying a new trial. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Albert Mansfield, J. J. Bullock and Nathan C. Coghlan for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—The defendant was tried on an information in two counts charging robbery and rape. He was convicted of robbery in the second degree and of rape as charged. From the judgment following the verdict and from the order denying his motion for a new trial he has appealed on a typewritten record.

The facts of the case are the same as those related in *People* v. *Piero, ante,* p. 357 [249 Pac. 541], and it is not necessary to repeat them here. It should be added, however, that it was this defendant who drove the car both on the trip from San Francisco to the Brighton cafe and from the cafe to the place where the second assault and the robbery were committed and that this defendant was one of the four who participated in the second assault. All the material facts of the case in so far as they relate to this defendant were admitted by him when a witness in his own behalf except the actual commission of the assault and robbery. In this connection he testified that he drove the prosecutrix and his three companions down the road to the place where they left the car; that he drove on farther down the road for about twenty minutes, and that he then returned and picked them up, driving back toward the cafe until he met Piero and Garibaldi, with whom he left the prosecutrix.

[1] The only question raised on this appeal relates to the portion of the instructions given to the jury which read: "Now, members of the jury, I might say to you that there is no question of difference between the attorneys on one point, and that is, that they agree that on the 2nd of August of this year this woman was standing on Mar-

ket Street and Gough, in the city of San Francisco. Upon that there is no question on the part of the People or of the defendant. Now, what was done there, there is some question, but that is for you to pass upon. Nevertheless, she did get into an automobile—there is no question about that; there is no question but what she was driven in an automobile by someone away out to Brighton Beach, called Brighton Beach Inn, I believe, or some place of that kind; now, there is no question as to those facts, as I have just stated to you. Whether she wanted to be let out at Twenty-ninth or Nineteenth and Valencia, is a matter for you to determine, and the court and the attorneys cannot determine that for you. There is no question, either, upon either side, the People or the defendant, but what the defendant drove the automobile to Brighton Beach Inn. Upon that point there is no question. As to what occurred on the way out there, there is some question, and that is for you, as sensible men and women, to determine what occurred going there, and what occurred after they arrived at Brighton Beach Inn. There is no question also among the attorneys but what some jewelry was taken from the person of this defendant. Who took it is for you determine. There is no question but what this prosecuting witness was raped. There is some question as to the circumstances surrounding that, and that is for you to determine, and neither the attorneys nor the court can determine that for you.''

It is true, as stated by the trial judge, that all the material facts preliminary to the actual assault and robbery were admitted by the defendant and as to them there was no controversy. The defendant testified that he drove the prosecutrix and his three companions down this unfrequented road knowing fully what his companions intended to do; that he left her with these three and drove on because he did not want to be mixed up in it. The prosecutrix testified positively that the defendant did not leave her, but that he joined with his companions in the assault upon her. If defendant's case rested upon this theory— that the commission of the crime by his companions was admitted, but that he, in order to avoid participation in it, left the scene before the commission of the crime—we

can see no harm in the reference to such admissions by the trial judge.

In his closing argument to the jury the district attorney referred on several occasions to the fact that defendant's counsel, in their argument to the jury, admitted that the prosecutrix had been ravished and it was to this admission that the trial judge referred in his instruction when he stated that there was no question among the attorneys but that the prosecutrix was raped. Neither of these statements was challenged by the defendant at the time or on his motion for a new trial, and we may therefore assume that the admissions were made as stated.

The plain meaning of all the instructions taken as a whole is that, notwithstanding these admissions of counsel, and without regard to any views of court or counsel, it was the duty of the jury to determine all the circumstances of the alleged assault and robbery and to determine whether the defendant participated in either. The case is similar to a trial for murder where the killing is admitted by the defendant, but the defense rests on a plea of justification. In such a case we can see no error if the trial judge were to state the admitted facts to the jury in order to confine its consideration to those facts which were controverted. It is analogous to *People* v. *Ross,* 115 Cal. 233, 238 [46 Pac. 1059], where the charge to the jury referred to the admissions that defendant had led a dissolute life. In holding that there was no error in this, Mr. Justice Temple said (p. 238) : "In the instructions these sentiments are mentioned as admissions or statements made by counsel for the defense in his address to the jury. If the propositions were admitted by counsel and the case submitted on that basis, there was nothing wrong about it. I have no doubt such was the case; at all events the contrary does not appear. The evidence would fully justify the jury in so concluding, but would not authorize the positive statement by the judge. I do not think error is shown here."

If the trial court or the district attorney had misquoted defendant's counsel in their reference to these admissions the way was open for defendant to correct the error by objection at the time or on his motion for a new trial. The record discloses that this was not challenged at any

79 Cal. App.—24

time and the failure to raise the point on the motion for new trial lends support to the claim that the asserted error did not result in a miscarriage of justice. **[2]** We cannot presume error, but it is incumbent upon the appellant to show that error was committed and that it was prejudicial.

Judgment and order affirmed.

Sturtevant, J., and Cabaniss, P. J., *pro tem.*, concurred.