[Civ. No. 22421.   Second Dist., Div. Three.   Jan. 21, 1958.]

LAMBERT H. POLDERMAN, Appellant, v. C. G. HOKAN-
SON COMPANY, INC. (a Corporation) et al., Re-
spondents.

Minsky & Garber for Appellant.

Arthur Strock for Respondents.

PATROSSO, J. pro tem.*—This is an appeal by plaintiff from a judgment dismissing the action after failure of plaintiff to amend following an order sustaining defendants' demurrer to the second amended complaint. Plaintiff also appeals from an order denying, in part, his motion to tax costs, but as he has now expressly abandoned the same, no further consideration need be accorded thereto.

Following orders sustaining demurrers to the original and first amended complaints with leave to amend, a second amended complaint was filed. A demurrer interposed to this complaint was likewise sustained and plaintiff granted leave to amend. Plaintiff failed to amend within the time limited, but therafter, without obtaining leave so to do, filed a third amended complaint. Defendants thereupon served notice of motion to strike the third amended complaint on the ground that it was filed too late and to dismiss the action, and plaintiff countered with a notice of motion for leave to file said third amended complaint. Both motions were heard on July

*Assigned by Chairman of Judicial Council.

20, 1956, at which time defendants' motions were granted and plaintiff's motion to file a third amended complaint was denied.

Appellant contends that the court erred in sustaining the demurrer to the second amended complaint and dismissing the action.

Directing our attention to the second amended complaint we find that it contains eight counts and the defendants named therein are C. G. Hokanson Co., Inc., C. G. Hokanson and Blanche Hokanson, who are the respondents here, as well as certain other corporations and fictitiously named defendants with whom we are not concerned. The respondents filed a joint demurrer to each count upon both general and special grounds. ▮ In light of the familiar rule that if any count or cause of action in a complaint setting up several counts or causes of action is good against a demurrer, a judgment of dismissal for insufficiency of the complaint cannot be sustained (*Armstrong* v. *Adams* (1929), 102 Cal.App. 677, 681 [283 P. 871]; *Shook* v. *Pearson* (1950), 99 Cal.App.2d 348, 351 [221 P.2d 757]), we need only consider whether any count therein states a cause of action as against the demurrer directed thereto. To this end we select the second cause of action.

This count incorporates by reference allegations in the first count to the effect that the defendant C. G. Hokanson Co., Inc. is a corporation; that defendant C. G. Hokanson, Inc. "was the alter ego of defendants C. G. HOKANSON and BLANCHE HOKANSON, . . . and used by said named defendants and each of them as a subterfuge and device to defeat the just claims and rights of the plaintiff, and *in* [sic] inequitable result will follow by refusing to disregard the corporate entity, and was used for the personal advantage of said defendants and each of them"; and that plaintiff was employed by the defendants as a salesman between June 1, 1952, and June 30, 1954. It then proceeds to allege "That during the period commencing October 1, 1953, to June 30, 1954, in consideration that the plaintiff, at the request of the defendants and each of them, did and bestowed certain work and services in and about and on behalf and for the business of the defendants and each of them and for which the defendants and each of them promised to pay plaintiff so much money as he therefor reasonably deserved to have, and plaintiff avers that he then and there reasonably deserved to have therefor the sum of $11,500.00"; that defendants and each of them, although requested, have not paid to plaintiff the aforesaid

sum of money or any part thereof but refuse, fail and continue to refuse and fail to do so.

■ Respondents seek to justify the trial court's ruling sustaining the demurrer to this count upon various grounds. First: It is said that the allegation whereby it is sought to invoke the doctrine of *alter ego* is insufficient. We agree, and if the individual respondents had filed a separate demurrer thereto, such demurrer would have been well taken. However, as noted, the demurrer was filed jointly by both the respondent corporation and the individual respondents. As to the corporate defendant this allegation was surplusage, and if the remaining allegations of this count sufficiently state a cause of action against it, the demurrer was improperly sustained, for where a demurrer is joint it must be overruled if the complaint states a cause of action against any of the defendants. (*Cameron* v. *City of Richmond* (1919), 42 Cal. App. 262, 263-264 [183 P. 604], and cases therein cited.)

■ We pass therefore to a consideration of the question as to whether the allegations of the second count state a cause of action against the respondent corporation. Although couched in stilted language, it cannot be doubted that, as against a general demurrer, it states a cause of action against the corporate respondent for the reasonable value of services rendered it. (*Haggerty* v. *Warner* (1953), 115 Cal.App.2d 468, 475 [252 P.2d 373].)

■ The only other argument advanced by respondents in support of the trial court's ruling to the contrary appears to be that the allegations of this count are necessarily inconsistent with those contained in the first and seventh counts wherein plaintiff seeks recovery upon two different express contracts of employment; one stated to be upon a monthly salary of $1,500 and the other where his compensation is alleged to be a percentage of the gross profit derived by respondents from business procured for them by appellant. This however does not render the second count vulnerable to a special demurrer for uncertainty or ambiguity. ■ As said by the Supreme Court in answer to a similar contention: "[T]he claim is, that the first count is rendered ambiguous and uncertain by reason of allegations found in the second count, and *vice versa*. We do not think that a demurrer, under section 430, subdivision 7, of the Code of Civil Procedure, to a particular count, on either of the grounds therein mentioned, to wit, ambiguity, unintelligibility, or uncertainty, can be aided by reference to another count or separate cause of action found

in the complaint. There is no suggestion that the causes of action separately stated in the two counts may not be united, nor is it suggested that either count fails to state a cause of action. ▉ Besides, we see no reason why a cause of action arising out of the same transaction may not be separately stated in different ways, even though they are inconsistent with each other. The defendant is permitted to plead inconsistent defenses (Code Civ. Proc., § 441), and there can be no good reason why the same rule should not apply to different counts of a complaint as well as to the answer.'' (*Stockton etc. Works* v. *Glens Falls Ins. Co.* (1898), 121 Cal. 167, 171 [53 P. 565].)

▉ Finally respondents contend that the second count is ''barred'' by the provisions of Civil Code, section 1624, subdivision 1, requiring an agreement which by its terms is not to be performed in one year to be in writing. Assuming without conceding the applicability of the statute, the ready answer is that when labor and services are rendered under a contract void under the statute of frauds a recovery may be had on a *quantum meruit*. (*Brown* v. *Crown Gold Milling Co.* (1907), 150 Cal. 376, 384 [89 P. 86].) And, as we have seen, this is the cause of action pleaded in the second count.

For the reasons stated we are of the opinion that the demurrer to the complaint, at least in as far as the second cause of action thereof, should have been overruled and that consequently the judgment of dismissal was erroneous. As this conclusion necessitates a reversal, we do not deem it necessary to consider the sufficiency of the other causes of action as pleaded, since the pleading will be open to further consideration and amendment if necessary in the trial court. Admittedly the second amended complaint is far from a model of pleading and the plaintiff should be permitted to further amend if leave so to do is requested.

The judgment is reversed and the appeal from the order taxing costs is dismissed.

Shinn, P. J., and Vallée, J., concurred.